# Richmond.

## Murray and Another v. Moore.

### December 14, 1905.

1. Pleading—*Misjoinder of Counts.*—A declaration containing counts. in tort and on contract is bad on demurrer.
2. Verdicts—*Not Responsive to Issues—Outside of Issue—Case at Bar.* —Where issue is joined upon a plea of not guilty to a declaration alleging fraud and conspiracy upon the part of defendants, whereby plaintiff was deprived of a valuable equitable interest in a gold mine, and his business and trade as a miner in said mine had been broken up and destroyed, and upon such issue the jury find for the plaintiff and "assess his damages for loss of service at five hundred dollars, and allow nothing for loss of interest in the mine," no judgment can be entered in favor of the plaintiff, as the verdict does not respond in his favor to any allegation in his declaration. As to the interest in the mine it is in favor of defendants, as to the plaintiff's business and trade as a miner it is silent; and no issue was or could have been made as to the plaintiff's loss of services.
3. Evidence—*Fraud—Other Frauds—Collateral Facts—Irrelevant Matters.*—While great latitude is given to the admission of evidence where the issue is fraud, as for instance,. the proof of other like frauds by the same party, at or about the same time, in order to show motive, this latitude will not be extended so as to embrace collateral facts not pertinent or relevant to the matter in issue in the suit in which it is offered, and certainly not so as to affect one of several defendants whô was in no wise connected with such other frauds.
4. Evidence—*Fraud—Collateral Matters—Impeachment of Defendant— Rehabilitation—Case at Bar.*—In an action of deceit against two defendants, alleging a conspiracy to defraud the plaintiff, the record of a prior suit in chancery by other parties to set aside as fraudulent a deed made by a third party to secure a debt due one of the now defendants, on the ground of fraud, to which the now plaintiff

was not a party, nor a privy to any party, is not relevant nor pertinent to any of the issues made, and cannot be admitted in evidence; but if admitted, certainly counsel who prosecuted the chancery suit should be permitted to testify that no moral terpitude was charged against or attached to said defendant, and that the charge of fraud against him was purely technical.

Error to a judgment of the Circuit Court of Buckingham county in an action of trespass on the case. Judgment for the plaintiff. Defendants assign error.

*Reversed.*

The evidence sufficiently appears in the opinion of the court. On the motion of the plaintiff the court gave the following instructions:

"The court instructs the jury that if they believe, from the preponderance of evidence, that the defendants, Anderson and Murray, unlawfully combined to defeat the purchase by Moore of the mineral property in the suit mentioned, and did, by any unlawful means or devices, procure a substitution of themselves, or either of them, as purchaser thereof, to the exclusion of said Moore from any interest therein, and that the plaintiff was injured thereby, they shall find for the plaintiff and assess such damages to the plaintiff as they think proper, not exceeding the sum laid in the declaration.

"2. If the jury shall believe, from the evidence, that the said defendants did, with fraudulent intent to wrong and injure said Moore (plaintiff), and to deprive him of such rights (equitable or legal) as he may have acquired in the mineral property in controversy, and did so deprive him thereof, and of his employment thereunder, and that the plaintiff was injured thereby, they shall find for the plaintiff, and assess to him such exemplary damages for the wrongful act, in addition to the value of his property and employment as they deem right, not to exceed in all the damages laid in the declaration.

"3. The court further instructs the jury that circumstantial

evidence of conspiracy and fraud in any case may be adequate without direct evidence thereof to support a verdict, but as to the credibility of the witnesses the jury are the exclusive judges.

"4. The court further instructs the jury that if they believe, from the evidence, that in November and early in December, 1902, N. H. Murray was acting for himself and Charles A. Moore in the financial matter of raising money for them jointly to complete their joint purchase of the mineral property mentioned in this case, and had arranged for a loan of $5,000, and had called upon and gotten from Moore and wife a deed of trust, along with himself and wife to secure the same, and delivered said deed of trust to the agent of the lender without any condition attached to the delivery, the presumption will be that such loan was in fact gotten for the original purpose and for the mutual benefit of Moore and Murray, unless it shall clearly appear, from the evidence, that said Murray had resigned his trust relation and joint purchase with Moore and given the latter due notice thereof before such delivery of the deed of trust, and if said Anderson, knowing the relations existing between Murray and Moore, confederated, without Moore's knowledge, in any breach of trust or fraud upon Moore to said Moore's damage and injury, then said Anderson is equally liable with Murray, and the jury must find for the plaintiff, and assess his damages to such sum as they shall think proper, not in excess of the damages laid in the declaration."

In lieu of two instructions offered by the defendant, the court gave the following instruction:

"The court instructs the jury that a conspiracy and fraud alone is never sufficient to support an action for damages; something pursuant to the conspiracy and fraud must be done from which damage or injury has proximately resulted to the plaintiff, and unless the jury believe from the preponderance of the

evidence that the defendants, N. H. Murray and R. M. Anderson, conspired to thus injure the plaintiff, C. A. Moore, in one of the particulars in the declaration mentioned, and did injure him, they must find a verdict for the defendants."

*H. D. Flood,* for the plaintiffs in error.

*R. T. Hubard,* for the defendant in error.

CARDWELL, J., delivered the opinion of the court.

Charles A. Moore and N. H. Murray held an option on what was considered a valuable gold-mining property, situated in Buckingham county, Virginia, known as the Bondurant Gold Mine, which gave to Moore and Murray the right to work and develop the mine during the continuance of the option, but to expire by its terms on December 1, 1902, if the property was not purchased by Moore and Murray on or before that date.

A company was organized and stock issued. Moore worked and managed the mine, and Murray undertook to finance the enterprise by the sale of stock, and the negotiation of loans. R. M. Anderson was a large merchant, doing business near the mine and deriving considerable profit by selling supplies to the mine operatives and their workmen, and for this reason was very much interested in the continuance and success of the operation of the mine. On December 1, 1902, Moore and Murray were unable to comply with the terms of the option contract, and the same expired by limitation. Subsequently R. M. Anderson aided Murray in making another contract with the owners of the mine, by which Murray became the purchaser thereof with the view of carrying on the work. Whereupon, Moore instituted his action of trespass on the case in the Circuit Court of Buckingham county against Murray and Anderson, charging them with a conspiracy to defraud him; the gravamen of the amended declaration upon which the case was tried be-

ing that defendants "did combine, confederate and conspire to defraud and injure the plaintiff, and to deprive him of a valuable equitable interest in a gold mine in said county" (Buckingham) "and to break up and destroy his business or trade of miner in said mine." The facts and circumstances of the alleged fraud and conspiracy are then set out in detail, and the declaration concludes with the charge, that "by reason of which conspiracy and fraud of said defendants against said plaintiff, and wicked devices in the execution thereof, said plaintiff has been injured in the destruction aforesaid of his business and deprivation of his said mineral rights in the sum of $6,000.00."

The demurrer to the declaration being overruled, issue was joined on the defendants' plea of not guilty, and upon this issue the jury rendered the following verdict: "We, the jury, upon the issue joined, find for the plaintiff and assess his damages for loss of services at five hundred dollars, and allow nothing for loss of interest in the mine." To the judgment upon this verdict this writ of error was awarded.

We are of opinion that the amended declaration set out, and with sufficient clearness, the plaintiff's cause of action, and that there was no error in overruling the demurrer thereto. In fact the demurrer was not urged in the oral argument here.

It will be observed that upon the allegation of the declaration, that the conspiracy and fraud of the defendants had deprived plaintiff of a valuable equitable interest in the Bondurant Gold Mine, the jury found for the defendants; and on the other allegation, that the fraud charged had broken up and destroyed plaintiff's business or trade as a miner in said mine, the verdict is silent. There was no allegation in the declaration that plaintiff was deprived of the services of any one, or that he had been deprived of compensation for his own services, by any act or default of the defendants, and had there been such an allegation it would have rendered the declaration plainly demurrable, on the ground that the plaintiff was seeking to recover for a tort

and in assumpsit in the same action.   This cannot be done in any case; therefore, as the verdict of the jury does not respond in plaintiff's favor to any allegation in his declaration clearly it was error to enter judgment for him thereon.   But as we must remand the case for a new trial, it is necessary to consider other assignments of error relating to the introduction and refusal of evidence during the progress of the last trial.

It appears that during the cross-examination of the defendant, Murray, the plaintiff offered to introduce three letters, which it was claimed had been written by Murray to Moore, two in November, 1901, and one in August, 1902; to the introduction of which the defendants, by counsel, objected, on the ground that the letters were not pertinent to the inquiry before the jury, and would tend to prejudice them against defendants.   But the objection was overruled, and the letters were introduced in evidence, to which ruling the defendants excepted.

The court is of opinion that this exception is well taken. These letters formed a part of a correspondence between the plaintiff, Moore, and the defendant, Murray, when these parties were endeavoring to make a false impression as to the value of the Bondurant Gold Mine property, in order to make sale of the stock of the company organized under the option they then held, and with which transactions or correspondence the defendant Anderson had no connection or interest.   The letters indicate plainly that both the writer, Murray, and Moore, to whom they were addressed, were using very disreputable devices to make a success of the undertaking in which they were engaged at the time, but they tended to prove only collateral facts not pertinent nor relevant to the matter in issue in this suit. It is true that large latitude is always given to the admission of evidence where the issue is fraud, as where fraud in the sale or purchase of property is in issue, evidence of other frauds of like character, committed by the same parties, at or near the same time, is admissible, its admissibility being placed upon

the ground that where transactions of similar character are
executed by the same parties, and closely connected in point of
time the inference is reasonable that they proceed from the same
motive.  *Piedmont Bank* v. *Hatcher,* 94 Va. 229, 26 S. E. 505,
and authorities cited.  But that is not the case here.  The
conditions were not such as to make the letters in question
admissible as evidence against the defendant Murray, and it
is inconceivable that they could have been introduced to the
prejudice of the defendant Anderson under any conditions.
Greenleaf on Ev., sec. 458; *Trogden's Case,* 31 Gratt. 862;
*Moore* v. *City of Richmond,* 85 Va. 538, 8 S. E. 387.

The 5th, 6th, 7th and 8th assignments of error may be con-
sidered together.

It appears that while the defendant Anderson was on cross-
examination by plaintiff's counsel, he was asked if he had ever
been found guilty of any other fraudulent transaction by decree
of the court in which he was then testifying; to which he
answered that he "never knew or heard of such charges."
Whereupon, over the objection of counsel for the defendants,
the plaintiff's counsel introduced in evidence certain parts only
of the record in a chancery suit finally ended in the Circuit
Court of Buckingham county several years before, in which a
deed was attacked and set aside as being a fraudulent con-
veyance of property to different parties, among others to a trus-
tee to secure the payment of a debt of $500 due to Anderson.
And, after the said parts of the chancery record had been allowed
to go to the jury, the defendants offered to introduce as witnesses
the attorneys who represented both parties in that suit, and
who were then present in court, willing to testify that in the
prosecution of the said chancery suit neither side considered
that Anderson was guilty of any moral terpitude in connec-
tion with the transaction which was attacked, and that the
charge against him was purely technical, so far as the charge
of fraud was concerned; but the objection of the plaintiff to the
introduction of said attorneys as witnesses was sustained.

We are of opinion that the error in the rulings of the Circuit Court in this connection is two-fold. First, in no view of the proceedings in the chancery suit was the record therein or any part thereof relevant or pertinent to the issue being tried in this suit. The plaintiff, Moore, was neither a party nor a privy to any party to the chancery suit, and the introduction of that record or any part of it in this suit could only serve to draw away the minds of the jury from the point in issue, and to excite prejudice and mislead them. There are exceptional conditions under which evidence of that character might be admissible, but they did not exist in this case. *Piedmont. Bank* v. *Hatcher, supra; Bargamin* v. *Clarke,* 20 Gratt. 544.

Second, portions of the record in the ended chancery suit having gone to the jury, the purpose and effect of which was to attack Anderson's character and to prejudice the minds of the jury against him, it was unjust and unfair to the defendants to deny them the right to refute the attack by the introduction of witnesses who would testify to the *bona fides* of Anderson's conduct in the transaction dealt with in the chancery suit.

The 9th and 10th assignments of error relate to the giving, over the objection of the defendants, of certain instructions for the plaintiff, and the refusal to give others asked by the defendants except as modified by the court.

With reference to these assignments, we consider it only necessary to say that we are further of opinion that the defendants were not prejudiced by the four instructions given at the instance of the plaintiff, nor by the giving of the one instruction in lieu of the two they asked. The instructions, as given, fairly submitted the question at issue to the jury, and could not have misled them to the defendants' injury.

The remaining assignment of error requiring consideration is to the refusal of the court to set aside the verdict of the jury as contrary to the law and the evidence.

It is only necessary to say, in addition to what has been said of the verdict, that if it is to be interpreted as meaning that

the plaintiff was injured by being thrown out of employment, and damages awarded him for that reason, which would seem to be the only interpretation to be given their finding, the evidence utterly fails to sustain it.   In fact, there is no evidence whatever of that character in the record, nor does the finding in favor of the plaintiff of damages for loss of services respond to any issue made in the pleadings.

The judgment of the Circuit Court will be reversed, and annulled, the verdict of the jury set aside, and the cause remanded for a new trial to be had in accordance with the views expressed in this opinion.

*Reversed.*