### BOTHELL *v.* FLETCHER.

#### Opinion delivered February 14, 1910.

1. BILLS AND NOTES—INNOCENT PURCHASER—DEFENSE.—A promissory note in the hands of an innocent holder will not be affected by any fraud in its execution or by a contemporaneous oral agreement that it shall not be negotiable. (Page 102.)

2. SAME—INNOCENT PURCHASER—DEFENSE.—One who purchases negotiable paper before maturity for value without notice, actual or constructive, at the time of purchase, of any defect in its execution, will be held an innocent purchaser. (Page 103.)

3. SAME—INNOCENT PURCHASER.—The maker of a negotiable instrument, when sued by an innocent holder, cannot set up that it was procured by fraud. (Page 103.)

Appeal from Washington Circuit Court; *Joseph S. Maples,* Judge; reversed.

#### STATEMENT BY THE COURT.

This was a suit by appellant against the appellees on four negotiable instruments, acceptances, dated February 5, 1906, and executed by appellees to the American Jobbing Association, and by it assigned to the appellant before due. The suit was begun in a justice's court. There were no written pleadings.

Appellant testified in substance that he was in the loan and brokerage business in Iowa City, Iowa; that the American Jobbing Association applied to him to discount some paper; that he discounted the acceptances in suit twelve per cent. and paid cash for same; that he bought them in the usual and ordinary course of business, and took the instruments, less the discount, at just what the instruments purported on their face to be. The paper was purchased by him in the manner aforesaid, and was trans-

ferred to him by the payee April 20, 1906. The acceptances were due in ten, thirteen, sixteen and eighteen months, respectively. There were two other notes or acceptances in the purchase for the same amounts, due, respectively, in four and seven months, which appellees paid about the time they were due. The original acceptances were introduced in evidence, and by agreement they have been brought here for the inspection of the court. On the back of each acceptance is its number. On 3408 is the following: "Bank—Farmers and Stobaugh. Address, Springdale, Arkansas. Apr. 20, Pay to the order of C. Bothell. American Jobbing Association, by C. H. Dayton, Mgr." Then there are further indorsements which have been erased by pen and ink marks across them as follows: "Pay to order of Johnson County Sav. Bank, Iowa City, Iowa. C. Bothell. Pay any bank or banker order, Johnson County Savings Bank, Iowa City, Iowa. Geo. L. Falk, Cashier." The other notes have similar indorsements.

The appellant testified that he never had any connection with the American Jobbing Association; that he found by inquiring of the banks that they were buying this paper, and that it was satisfactory to them, so he purchased it. He gave his check for the money used in purchasing the paper, and the check was in evidence. He was not personally acquainted with the makers, and had no knowledge of their financial standing.

The court permitted appellees, over the objection of appellant, to show that the acceptances were given for certain articles of jewelry purchased by appellees from the American Jobbing Association; also to show, over appellant's objection, that the jewelry was worthless, and that the acceptances were given with the understanding at the time between the payee and appellees that they were not to be assigned or transferred.

The bill of exceptions recites: "Defendant calls attention of the jury to the indorsement on the acceptances—the color of the ink, dates, etc., showing that all of the indorsements were made at the same time."

The appellant testified, among other things, "that the acceptances were not sold to him without recourse," that "the acceptances show just what the indorsement was on them," that

the American Jobbing Association was solvent at the time the transfer of the acceptances was made.

The appellant, *pro se.*

Appellant was a *bona fide* holder for value. He purchased in good faith before maturity for a valuable consideration without notice of any defense. 61 Ark. 81-6-7; 64 *Id.* 39-53; Kirby's Dig., § 512. An innocent purchaser or *bona fide* holder of a note is not affected by want of consideration, or other equity between the original parties. 41 Ark. 243; 64 *Id.* 39; 65 *Id.* 543.

*Walker & Walker,* for appellees.

The question whether appellant was or not a *bona fide* holder was properly submitted to the jury. The jury were authorized from the evidence to discredit his testimony and find that he was a party to the "job" put up on appellees.

WOOD, J., (after stating the facts). The court erred in permitting any evidence to go to the jury except that which would tend to prove that appellant was not an innocent purchaser for value before maturity. That was the only issue between appellant and appellees, and the evidence should have been confined to that issue.

Therefore evidence of what the contract was between appellees and the American Jobbing Association was wholly irrelevant and incompetent. It was no concern of appellant, if he was without notice of any fraud, that the jewelry for which the acceptances were given was worthless, or that it was the contract between appellees and the American Jobbing Association that the acceptances were not to be assigned or transferred. If appellant had no notice of these things, he could not be affected by them.

The above evidence in itself in no manner tended to prove that appellant had notice of these things, and the court should not have permitted it for that purpose.

A negotiable instrument, as these acceptances were, could not be varied in the hands of an innocent holder for value by any contemporaneous oral argreement between the original parties to it that it should not be negotiated.

The *bona fide* character of a holder of negotiable paper can be destroyed only by proof of his knowledge (or facts of

which he would have to take notice) of some defects or fraud in connection with the execution of the instrument rendering same invalid in the hands of the payee and of his purchase thereof notwithstanding such knowledge. In such case he would not be an innocent holder, even if he paid value and had the instrument transferred to him before maturity. But otherwise he would be. *Thompson* v. *Love,* 61 Ark. 81; *Hogg* v. *Thurman,* 90 Ark. 93.

The maker of a note or acceptance given in payment or settlement of an account can not set up, when sued by an innocent holder, that the note or acceptance was procured through fraud or mistake. *Lanier* v. *Union Mortgage & Trust Company,* 64 Ark. 39, 53.

In the absence of any evidence first tending to show that appellant was not an innocent purchaser of these acceptances (and we find none in this record), the court should not have permitted any testimony as to the fraudulent character of the account or transaction out of which the acceptances originated. Upon the evidence adduced the instructions of the court were abstract. The appellant was entitled to a verdict.

For the error indicated the judgment is reversed, and the cause is remanded for a new trial.