# CHARLESTON.

INTERSTATE FINANCE COMPANY *v.* SCHRODER.

Submitted March 3, 1914.   Decided April 7, 1914.

1.  BILLS AND NOTES—*Failure of Consideration—Holder in Due Course.*
    In an action on a negotiable instrument proof of failure or partial

failure of consideration is not under our negotiable instrument law admissible in evidence as against the holder thereof in due course. (p. 69).

2. TRIAL—*Offer of Proof.*
The refusal of the court on the trial of such action to accept a mere general offer by defendant to show fraud, without at the same time offering to show the facts constituting the fraud, will not constitute reversible error.   (p. 71).

(LYNCH, JUDGE, absent.)

Error to Circuit Court, Lewis County.

Action by the Interstate Finance Company against Henry A. Schroder. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Linn, Brannon & Lively,* for plaintiff in error.

*H. M. Bennett,* for defendant in error.

MILLER, PRESIDENT:

The action, begun before a justice, was upon three negotiable instruments, drafts or inland bills of exchange, dated Chicago, Ill., March 31, 1910, and payable in six, eight and ten months respectively, at the office of the drawer, drawn in its favor, by Commercial Jewelry Company, on the defendant Henry A. Schroder, and by him duly accepted, and each for the sum of forty eight dollars.

The case was tried in the circuit court de novo on appeal by defendant from the judgment of the justice against him in favor of plaintiff, indorsee and holder of the paper, for the full amount of the drafts, resulting there also in a verdict and judgment for plaintiff for $151.92, the full amount sued for.

There were no formal pleadings, and the only plea pleaded by defendant in the circuit court, according to the record, was that he did "not owe the said sum of money above demanded, or any part thereof, in manner and form," &c., and issue was thereon joined.

On the trial in the circuit court plaintiff as holder thereof introduced in evidence the original drafts sued on with the acceptances by Schroder, and the endorsements on the back thereof by "Commercial Jewelry Co.", and then rested.

The first complaint is that the circuit court erred in refusing to permit defendant to prove by his own evidence as against plaintiff, failure of consideration, as between drawer and drawee; and also to exhibit and show in evidence certain goods sold him by the drawer and payee, and that there was fraud and misrepresentation practiced upon him by said drawer "at the time he accepted said negotiable instruments."

By section 59, chapter 98A, serial section 4230, Code 1913, every holder of a negotiable instrument is *prima facie* holder in due course; and by section 28, thereof, serial section 4199, failure of consideration is not a defense as against a holder in due course. By section 57, serial section 4228, "A holder in due course holds the instrument free from any defect of title of prior parties, and free from defenses available to prior parties among themselves and may enforce payment of the instrument for the full amount thereof against all parties liable thereon." These provisions of our new negotiable instruments law, are merely declaratory of the law as it previously existed. Said section 59, further provides that if it be "shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course." But failure of consideration does not render title to an instrument defective. By section 55, of that act, "the title of a person who negotiates an instrument is defective within the meaning of this act when he obtained the instrument or any signature thereto, by fraud, duress, or force and fear, or other unlawful means, or for any illegal consideration or when he negotiates it in breach of faith, or under such circumstances as amount to a fraud." By section 62, serial section 4233, of said chapter, "The acceptor by accepting the instrument engages that he will pay it according to the tenor of his acceptance, and admits: First, the existence of the drawer, the genuineness of his signature, and his capacity and authority to draw the instrument; and Second, the existence of the payee and his then capacity to endorse." If failure of consideration is admissible under the general issue, it is not available as against a holder in due course. *Dollar Savings & Trust Co.*

*v. Crawford & Ashby,* 69 W. Va. 110, 116; *McClanahan* v. *Caul,* 63 W. Va. 418.

In view of these provisions of the statute law, the court below, we think, properly ruled that the proposed proof of failure or partial failure of consideration was not admissible in evidence as against plaintiff.

But was error committed in the court's refusal to permit defendant to prove fraud as proposed? As there was no special plea alleging fraud, it is contended on behalf of plaintiff that evidence thereof was not provable under the general issue or plea of nil debet. Under a special plea by section 5, chapter 126, serial section 4825, Code 1913, fraud would be provable even as against the holder of a note in due course, for the purpose of shifting on him the burden of proving that he was a bona fide purchaser for value in the usual course of business, without notice of equities as between the original parties to the contract. Defendant relies on *Vathir* v. *Zane,* 6 Grat. 246; *Wilson* v. *Lazier,* 11 Grat. 477; *Piedmont Bank* v. *Hatcher,* 94 Va. 229, 26 S. E. 505; *Commercial Bank* v. *Burgwyn,* (N. C.) 23 Am. St. Rep. 49; *Cover* v. *Myers,* 32 Am. St. Rep. 394; 1 Daniel on Neg. Inst., section 769a, page 889, and section 815b, page 974; Joyce, Def. to Com. Paper, section 119, page 143. The first case was an equity suit in which fraud was covered by the pleadings. So was the case of *Wilson* v. *Lazier.* Like them was the case of *Bank* v. *Hatcher. Bank* v. *Burgwyn,* was a law suit, but fraud was pleaded. In *Cover* v. *Myers,* it does not clearly appear what defendants' pleas were. The question is not very well settled whether fraud is provable under the general issue. Under the English practice it is not. 4 Minor, Inst., Pt. 1, pp. 770-771. He implies, however, at page 770, at least as between the original parties, that fraud is so available as a defense; but in *Keckley* v. *Union Bank of Winchester,* 79 Va. 458, the Virginia court seems to question whether Mr. Minor intended to include fraud among the defenses allowed under nil debet. 1 Barton Law Pract., 491, says: "Under this plea (nil debet) the defense of want of consideration may be proven; but failure of consideration or fraud in the procurement of the contract, or breach of warranty of the title or soundness of personal property, must be plead by sworn

plea." In *Bank* v. *Johns,* 22 W. Va. 520, 535, this court said:
"The pleas did not deny, that the plaintiff purchased the note
in suit for value before maturity and without knowledge of
any fraud in the procurement of the note. The said pleas
raised no defense as against the bona fide holder of the note
and were improperly filed and should have been rejected."
In 9 Ency. Pl. & Pract., 684, it is said: "Fraud is never
presumed, and in order to entitle a party to relief either at
law or in equity on that ground, it is essential that the fraud
be distinctly alleged in the pleadings so that it may be put
in issue and evidence thereof given. This rule is applicable
as well to the pleadings of the plaintiff as those of the defend-
ant. In the absence of such an allegation, evidence of fraud
will not be received at the trial." So in *Hayes* v. *Mutual
Prot. Asso.,* 76 Va. 225, it is likewise said: "If it was in-
tended to rely by way of defense on fraudulent conduct or
representations of McNamara in procuring the policy, the
defense could only be made by special plea under the statute,
that the policy was fraudulently procured." But this court
in the recent case of *Bowyer* v. *Continental Casualty Co.,* 72
W. Va. 333, 78 S. E. 1000, has decided that fraud is admissible
under the general issue and need not be specially pleaded.

But though fraud be admissible under the general issue,
was there any offer to show facts constituting fraud? The
only matter in the record of the brief evidence of the defend-
ant, except the general statement in bill of exceptions No. 1,
is the following question and answer ruled out by the court:
"Q. You may state to the jury as plainly as possible why
you executed five notes, each bearing date March 31, 1910, to
the order of Commercial Jewelry Company? A. I bought a
case of jewelry, $240.00 worth of jewelry, of the company,
to be made in five payments, and if it was not satisfactory
why I could send them back." This showed no fraud, and
this was the only offer of evidence of any kind not admitted.
The record is wholly wanting in any offer to prove facts show-
ing fraud. The mere general statement in the bill of exceptions
of defendant's purpose will not do. He must under the rules
of practice offer to prove facts so that the court may see
whether they amount to fraud, before being called upon to
rule on the question. Fraud is a mere conclusion of law from

the facts. No facts were included in the offer. It has been decided by this court in numerous cases that a bill of exceptions showing the exclusion of evidence, or the rejection of evidence, is not available as ground of error in this court unless it shows what the evidence was or would have been, and that it was relevant, material and important. *Snooks* v. *Wingfield*, 52 W. Va. 441; *Sayre* v. *Woodyard*, 66 W. Va. 290; *Delmar Oil Co.* v. *Bartlett*, 62 W. Va. 708.

For the foregoing reasons we are of opinion to affirm the judgment.

*Affirmed.*