# CHARLESTON.

## MASON v. SHAFFER.

Submitted September 17, 1918. Decided October 1, 1918.

1. BILLS AND NOTES—*Failure of Consideration—Bona Fide Purchaser.*

   Failure of consideration as between the original parties to a negotiable instrument constitutes no defense in an action by the purchaser thereof in due course without notice. .(p. 635).

2. SAME—*Bona Fide Purchaser—Erasure.*

   Such instrument constituting an unconditional promise to pay a certain sum of money is not rendered invalid in the hands of the purchaser thereof in due course without notice by the erasure from the margin of the memorandum, ''This note is to fulfill an agreement of a certain date'', or ''This note is to fulfill a certain agreement'', or ''This note is to fulfill a contract dated July 7th, 1915.'' The instrument being unconditional such a memorandum constitutes merely a statement of the transaction which gave rise to the instrument, and being immaterial its erasure does not vitiate the paper in the hands of a holder in due course. It is protested by section 3, chapter 98A, Barnes' Code.

Error to Circuit Court, Preston County.

Action by A. J. Mason against C. M. Shaffer. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

F. E. *Parrack,* for plaintiff in error.
P. J. *Crogan,* for defendant in error.

MILLER, JUDGE:

The foundation of the judgment below of which the defendant complains was the following note:

"125.00.                    Tunnelton, W. Va. July 7, 1915.

"One year after date for value received I promise to pay to the order of A. L. Delany one hundred and twenty-five dollars.

"Negotiable and payable at The Tunnelton Bank of Tunnelton, W. Va. The makers and endorsers of this note, hereby waive protest, presentation and notices of dishonor with costs of collection and attorney's fee in case payment shall not be made at maturity.

"    (Signed)    C. M. Shaffer.
"Endorsed "A. L. Delany.
"A. J. Mason."

The action was begun before a justice. The judgment complained of was pronounced on appeal by plaintiff to the circuit court. The verdict of the jury and the judgment thereon, was for the plaintiff for the full amount of the note and interest.

It is fully proven that plaintiff, in good faith, purchased the note in due course for value, before maturity and without notice of any defect or infirmity therein, unless what appeared on the face of the note, if anything, was sufficient to put him on inquiry.

Two defenses were relied on: First, that the consideration for which the note was given had wholly failed; second, that the note as originally executed was not negotiable, but had since then been rendered so in form, by a material alteration thereof by some one after its execution and delivery to the payee, rendering it void and unenforceable against defendant.

On the trial upon the evidence admitted the court at the instance of the plaintiff gave but one instruction to the jury, to the effect that if they believed from the evidence that plaintiff was an innocent holder of the note for value and had no notice or knowledge of the alleged alteration, they must find for him the aggregate of principal and interest.

There was no contention that there had been any change or alteration in the body of the note as introduced in evidence. As a witness in his behalf, defendant's wife, when shown the note, was permitted to testify, that "There is something wrong here at the top at the left hand corner. * * * *. There is something erased. It said this note is for the fulfillment of a certain agreement under a certain date." When asked whether she remembered "just the words", she answered, "No sir, but it was this note is to fulfill an agreement of a certain date." And being asked to step over and show the jury where the writing was, she answered, "It was right here." Shaffer himself who admitted signing the note further testified: "Q. State if it is as it was when you signed it? A. No, sir, I had on here in this left hand corner this note is to fulfill a certain agreement."

Upon the admission of this testimony, defendant then proposed to introduce in evidence to the jury a contract claimed by him to have been signed by Delany at the time the note was delivered to him and that the memorandum on the note was: "This note is to fulfill a contract dated July 7th, 1915." But on objection the offer so far as the contract was concerned was denied, the court ruling, however, that as the plaintiff had not objected to any testimony tending to show what the defendant claimed was written on the note in controversy at the time it was made and deliverd to Delany, the defendant might introduce any further testimony he might have to offer on that subject, but no additional evidence thereon was offered.

The contract, which bears no date, rejected, was as follows:

"I, E. Clark Ice, and A. L. Delany agent for E. Clark Ice does hereby guarantee to I C. M. Shaffer that this lease 72 acre tract of John Miller gas well now drilling is producing 3½ million feet of gas per day for one year and forthwith and this is the said first well on this tract. I. C. M. Shaffer has $125.00 stock in for note given to A. L. Delaney on Tunnelton Bank and if this agreement is not fulfilled it is understood that C. M. Shaffer is return contract and get said note

$125.00 without any costs whatever any time within one year.

"(Signed)    E. Clark Ice, Agent.
"(Signed)    A. L. Delany."

We are of opinion that no error was committed on the trial. By force of the statute, if not by the law merchant, failure of consideration as between the original parties to a negotiable intsrument does not vitiate the paper or constitute it a good defense in an action thereon by the holder thereof in due course. Barnes' Code, 1918, chapter 98A, sections 28 and 57. And section 52, of said chapter, defines a holder in due course to be one who holds the instrument complete and regular on its face and who had no notice of any infirmity or defect of title.

But the point is urged that the memorandum, not in the body but on the margin, according to the testimony of the defendant's witnesses, though erased, was a material alteration of the instrument, and that the evidence 'of such erasure was sufficient to put the plaintiff on inquiry and to charge him with whatever might have been thereby discovered. The original note was not brought before us, but evidently there was nothing left of the marginal memorandum, except perhaps the evidence of some erasure at the point indicated and pointed out to the court and jury. But conceding that the memorandum was on the note when executed and delivered to the payee, plaintiff swears it was not there when he purchased it. Conceding further that it had been there just as sworn to by the witnesses, was it a material part of the note, affecting its negotiability and the rights of the plaintiff as a holder in due course? We think the statute again answers in the negative. Section 1, of said chapter 98A, requires that an instrument to be negotiable must conform to certain requirements, among them "(2) must contain an unconditional promise or order to pay a sum certain in money." And section 3, of said chapter, provides that such unqualified order or promise to pay is unconditional within the meaning of this act though coupled with, among others, "(2) a statement of the transaction which gives rise to the instrument." So that if the memorandum,

"This note is to fulfill an agreement of a certain date," or "This note is for the fulfillment of a certain agreement," or "This note is to fulfill a contract dated July 7th, 1915", it would have amounted to no more than a mere statement of the transaction which gave rise to the instrument, and being immaterial its erasure constituted no alteration of the instrument vitiating it in the hands of a holder in due course. *Bank of the Ohio Valley* v. *Lockwood*, 13 W. Va. 392, 423; *Hereth* v. *Meyer*, 33 Ind. 511; *Mater* v. *American National Bank of Denver*, 8 Colo. App. 325; 2 Daniel on Negotiable Instruments, (6th ed.) sections 1399, 1400; *Dollar Savings & Trust Co.* v. *Crawford & Ashby*, 69 W. Va. 109.

As the alleged alteration was not of a material part of the instrument and not sufficient to vitiate it in the hands of the plaintiff, the question of its materialilty was one for the court, and the court properly instructed the jury. *Philip Carey Mfg. Co.* v. *Watson*, 58 W. Va. 189; *Bank of the Ohio Valley* v. *Lockwod, supra.* Defendant relied on *Angle* v. *N. W. Mut. Life Ins. Co.*, 92 U. S. 330. The alteration there involved was in the body of the note, by the striking out of printed words plainly visible in the body of the instrument, and writing in a small blank space words repugnant to the words stricken out, and thereby plainly perverting the scope and meaning of the paper. No such case is here presented, and that case cited can have no application to this.

Our conclusion is to affirm the judgment.

*Affirmed.*