McCLAIN v. PATTERSON.

Opinion delivered June 11, 1928.

*Rice & Dickson* and *Blansett & Combs,* for appellant.
*Duty & Duty,* for appellee.

HUMPHREYS, J. Appellee brought separate suits upon notes in the circuit court of Benton County, against each of the appellants, upon a note which each had executed to J. W. Baker for amounts representing balances due Baker for automobiles which he had sold each of them, and which notes J. W. Baker had assigned and

transferred, before maturity, for a valuable considera-
tion, to him. J. W. Baker was made a party to each
suit. The notes bore interest at the rate of 8 per cent.
per annum from maturity until paid. The notes were
payable in monthly installments, and each was credited
with certain payments. The suit against Johnson was
numbered 1202 in the trial court, the one against Baker
1205, and the one against Cowan. 1206. There is no
dispute about the amount due upon each note at the time
of the trial, the only issue joined being whether appel-
lants were liable upon the respective notes executed by
each. The amount due upon the R. C. Johnson note was
$456.18, including interest, the amount due upon the
McClain note $254.79, and the amount due upon the
Cowan note $393.03.

Appellants filed separate answers, and interposed
the defense that the respective automobiles were taken
from them by order of the United States Court for the
Western District of Arkansas upon the claim that they
had been stolen from their rightful owners, and that
Baker acquired no title thereto, and that no title passed
from him to either of the appellants for the automobile
bought by him, and that there was no consideration for
the execution of said notes. Appellants denied that appel-
lee was the owner and holder of the notes for value before
maturity, and without notice of the infirmity in each,
and charged the fact to be that appellee ought to have
known, from all the facts and circumstances, that Baker
had no title to said automobiles.

The suits were consolidated for the purposes of
trial in the circuit court, and the consolidated cause pro-
ceeded to a hearing upon the issue joined and the testi-
mony adduced. At the conclusion of the testimony the
court instructed a verdict in favor of appellee against
each of the appellants upon the respective notes, and
rendered a judgment in accordance with the verdicts
against R. G. Johnson and J. W. Baker, in case num-
bered 1202, for the sum of $456.18; and against J. P.
McClain and J. W. Baker, in case numbered 1205, for

$254.79; and against J. W. Baker and Clarence Cowan, in case 1206, for the sum of $393.03; from which an appeal has been duly prosecuted to this court.

The notes were introduced in evidence, and their execution admitted. Appellee testified that he bought each note for a small discount, before maturity, and that he paid cash for them; that he had no knowledge whatever that they were given for stolen automobiles, or no information from which he could draw such an inference; that he had been buying notes of that kind for five or six months, having handled over $27,000 worth of such paper; that his arrangement with Baker was for Baker to collect one-third of the purchase price of the automobiles in cash and to take notes and chattel mortgages for the balance of the purchase price; that he furnished Baker with blank notes and mortgages for that purpose; that he did not file the chattel mortgages, but just took chances on collecting the money; that he made no investigation of the financial standing of the respective purchasers; that occasionally he turned down Baker's proffered paper when he did not think the automobile was worth what it was represented to be, and sometimes when the proper initial payment had not been made on it; that, if everything was regular and right, he accepted the paper, and did so without investigation; that the notes and chattel mortgages were executed to Baker and indorsed by Baker on a printed form on the back of the notes and mortgages; that, several months after he had purchased the notes in question and upon which he had brought suit, he received a notice through the mail from a Mr. John Boyd, advising him not to buy a note which he had given for a stolen automobile, and that he complied with his request, and turned the note back to the Farmers' Bank, which had advanced the money to Baker on it; that the bank afterwards collected the note from Boyd.

In the course of the trial appellants offered to prove that the automobiles which they bought from Baker and for which they executed their notes were stolen. The

court refused to admit the testimony unless they would introduce proof tending to show that appellee actually knew that the automobiles had been stolen, or was in possession of facts and circumstances tending to show that such was the case, at the time he purchased the notes, and ruled that up to that time they had not introduced any such testimony. Appellants claimed that the business between appellee and Baker was out of the ordinary and sufficient under all the circumstances to justify the submission of the issue of good or bad faith on the part of appellee in buying the notes, and entitled them to prove that the automobiles had been stolen. The court ruled that the business between them was not out of the ordinary, and that no facts or circumstances had been introduced which tended to show that appellee was not an innocent purchaser of the notes. Appellants objected, and excepted to the ruling of the court, and preserved their objection and exception in their motion for a new trial.

At the conclusion of the testimony, appellants requested the court to submit the issue to the jury whether, under all the facts and circumstances in evidence, appellee was an innocent holder of the note before maturity, for value, in the usual course of business, without notice of infirmities therein. The court refused to submit the issue to the jury, but, on the contrary, instructed a verdict for appellee against each of the appellants, as heretofore stated. Proper objections were made and exceptions saved to the action of the court.

The sole question presented by this appeal is whether the trial court erred in excluding testimony showing that the automobiles sold by Baker to appellants had been stolen, and returned by them to the true owners under order of the Federal Court for the Western District of Arkansas, and in peremptorily instructing a verdict.

The rule of evidence is that, before the fraudulent character of a transaction may be shown in an effort to defeat negotiable paper executed in consideration thereof, which had been transferred to third parties for

value before maturity, evidence must first be introduced tending to show that the purchaser of the paper was not an innocent purchaser. The evidence first offered must tend to show that the purchaser either had actual knowledge of the infirmity or defect, or tend to show that he had knowledge of such facts that his action in purchasing the paper amounted to bad faith. *Bothell* v. *Fletcher*, 94 Ark. 100, 125 S. W. 645. When such evidence has been introduced, then it would be proper to admit proof of the fraudulent transaction and send the issue to the jury upon all the evidence for determination. *Holland Banking Co.* v. *Booth,* 121 Ark. 183, 180 S. W. 978. Appellants contend that the failure to investigate the value of the security and to file the chattel mortgages were transactions out of the ordinary and circumstances tending to show a knowledge on the part of appellee of the infirmity and defect in the paper, and justified the introduction of proof showing that the automobiles had been stolen and recovered by the true owners, thereby destroying the supposed consideration for the notes. Appellee required Baker to collect one-third of the sales price of the automobiles in cash and to take notes and chattel mortgages for the balance of the purchase money, payable in substantial monthly installments. The cash payment and substantial monthly installment payments obviated any real necessity of personally investigating the value of the security and financial responsibility of the purchaser. It is a common thing for banks and individual investors to handle automobile paper without personal investigation of the value of the automobile securing same or the financial responsibility of the purchaser. It will be remembered that the automobile is always described in the mortgage, and, of course, its value may be determined from the description. It perhaps would have been better business to have filed the mortgages, but the filing would not have protected or strengthened the title to a stolen automobile. Appellee testified that he never filed any of his mortgages, but just took chances on making collections. We do not think this circumstance rendered the

proof of the fraudulent transaction admissible, or that the evidence introduced, when considered in connection with the fact that the automobiles were stolen, was sufficient to carry the issue of good or bad faith of appellee in purchasing the notes to the jury for determination. In other words, the undisputed evidence introduced, if reinforced by proof that the automobiles had been stolen, would not have tended to show that appellee purchased the notes in bad faith.

It was the duty of the court to instruct verdicts against appellant under the undisputed evidence. The judgments will therefore be affirmed.