COTTON STATES MUTUAL INSURANCE COMPANY,

*A Corporation*

*v.*

GERALD O. BIBBEE, *et al.*, AND UNION TRUST & DEPOSIT

COMPANY, *A Corporation*

(No. 12193)

Submitted April 30, 1963.          Decided July 2, 1963.

*McDougle, Davis, Stealey & Morris, John R. Morris,* for appellant.

*George Shedan, Joseph J. Shedan,* for appellees.

BERRY, PRESIDENT:

This action was instituted in the Circuit Court of Wood County by the Cotton States Mutual Insurance Company, a Corporation, as the plaintiff below, against Gerald O. Bibbee et al. and the Union Trust and Deposit Company, a Corporation, as defendants below, to recover the possession of a 1960 Chevrolet automobile. This vehicle was stolen July 19, 1960 from its owner in the State of Georgia after having been insured by the Cotton States Mutual Insurance Company, which paid the owner for the value of the car after it had been stolen, and which then obtained a bill of sale for the automobile. This vehicle reappeared on a used car lot in Parkersburg, West Virginia, owned and operated by Otto V. and Richard T. Bowersock, doing business as Otto's

Used Cars. It was sold to Gerald O. Bibbee and Ada M. Bibbee, hereinafter referred to as the Bibbees, on July 29, 1960 for $2900. The Bibbees traded their old car in on the purchase and were allowed $900, thus leaving a balance due of $2000, to which was added $270 for finance charges. A note was given to the seller in the amount of $2270, at which time the Bibbees also executed what is known as an Ohio Form Chattel Mortgage as security for the note. The papers used for the note and mortgage were on printed forms attached together and from their appearance were furnished as printed forms by the Union Trust and Deposit Company, a Corporation, the defendant below, who will be referred to hereinafter as the Bank. The stipulation of facts states that the mortgage was attached to the note but does not say that the Bank supplied the form. The note was endorsed to the Bank or order by the seller, Otto's Used Cars, and thus transferred to the bank, along with the mortgage which was assigned by the used car dealers after the execution of the note and mortgage at the time of the sale and after payment by the Bank to the used car dealers for the note.

Neither the Bank nor the Bibbees had any knowledge that the car in question had been stolen and that there was anything wrong whatsoever with the transaction involving the car. Both of them are innocent victims of the basic rule that title cannot be acquired to stolen property by dealings with the thief or his successors.

This action was instituted in October, 1960 by the Insurance Company to obtain possession of the automobile after the New Rules of Civil Procedure in this State became effective. The Bibbees, as defendants, filed an answer to the complaint and a cross-claim against the defendant Bank. The Bank answered the complaint and cross-claim and asserted a cross-claim against the Bibbees, who in turn filed an answer or reply to the Bank's cross-claim. Various motions to dismiss were made by the parties during the procedure. The possession of the automobile in question was given to the plaintiff below, the Cotton States Mutual Insurance Company, by the trial court, in accordance with

the relief sought for its complaint. The defendants below, the Bibbees and the Bank, did not question this disposition on the part of the court. Therefore, the Insurance Company is not involved in the appeal to this Court.

The case was heard by the trial court in lieu of a jury on a stipulation of facts filed by the parties. The Bibbees took the position that the Bank was the holder of a non-negotiable instrument and that since good title to the automobile could not be given the Bibbees owed the Bank nothing. The Bank took the position that it was the holder in due course of a negotiable instrument on which the Bibbees were liable regardless of the transaction with regard to the automobile and the failure of the Bibbees to obtain good title thereto. It also took the position that the Bibbees had waived any defense of lack or failure of consideration by additional statements made in writing in connection with the transaction.

After the case was submitted to the trial court in lieu of a jury, as stated above, all parties moved for a judgment and the trial court found that the Bank was the holder in due course of the note, and that the Bibbees were liable for the unpaid balance due thereon, but further held that the Bibbees were entitled to possession of an automobile which the Bank could never deliver and that when they paid the note in full to the Bank for the amount of the note, they were entitled to be paid by the Bank for the value of the automobile because of the breach of warranty of title. The court also found that the Ohio Chattel Mortgage was a conditional sales contract, and that the Bibbees could not rescind the contract made with Richard T. Bowersock, doing business as Otto's Used Cars, and demand a refund of that portion of sale price paid by the Bibbees to Bowersock. Judgment was entered in favor of the Bank in the amount of $6.00, the difference between the value of the car at the time it was taken from the Bibbees and the amount of the note. Upon application by the Bank to this Court an appeal and supersedeas to the judgment of the trial court of January 30, 1962, were granted on October 15, 1962.

The Bank assigns as error on the part of the trial court the fact that the court, after finding that it was a holder in due course of the note in question, then proceeded to contradict this concept by holding that the Bank was liable to the Bibbees for the value of the automobile at the time it was taken from them, which in effect held the Bank liable for a breach of warranty on a collateral contract. The Bank also assigns as error the holding of the trial court that the Ohio Chattel Mortgage was a conditional sales contract and that the buyer could not rescind the sale and obtain his money back from the seller, and assigns as error the order requiring the Bank to pay the costs of the action.

It is conceded that both the Bank and the Bibbees are innocent parties in connection with this entire transaction, and it will be noted that the used car dealer who was responsible for this unsavory deal, was not made a party to this action, nor has any claim been made against said dealer.

When the case was argued it was indicated by the parties that the used car dealer was insolvent. However, this does not explain why there was no attempt made to obtain a judgment against the apparent wrongdoer in connection with the transaction involved in this case.

The contract of sale was made and the papers signed in West Virginia in connection with the transaction involved in this case and therefore the laws of West Virginia would be applicable. At the time of this sale Ohio did not have the uniform conditional sales contract, but it was, and is now, a part of the West Virginia law. Although the stipulation of facts calls the security a chattel mortgage, the trial court found that it was in fact a conditional sales contract. The chattel mortgage used in the instant case contains the following language:

"KNOW ALL MEN BY THESE PRESENTS, that Gerald O. Bibbee (Purchaser) Mortgagor, residing at Coolville, Box 254 in _____ County of Athens, State of Ohio, does hereby grant, bargain, sell, assign, transfer, and set over unto Otto's Used Cars Mortgagee, its personal representatives, successors and assigns the following described

property and being in good condition in the possession of the mortgagor, to-wit:" The amount paid for and a description of the automobile purchased followed the above quoted.

It is true that this chattel mortgage in the last paragraph thereof gives to the mortgagee the right of repossession of the automobile purchased and that this is one of the attributes of a conditional sales contract. However, the controlling factor in a conditional sales contract is the retention of the title by the seller with the provision contained therein that the legal title does not pass to the buyer until all payments are made thereon. Conditional sales are not favored in law and if the instrument is doubtful as to whether it is a conditional sales contract or a mortgage the courts generally treat such instrument as a mortgage. 14 C.J.S., Chattel Mortgages, §7; 47 Am. Jur., Sales, §833; 3 M. J., Chattel Mortgages and Conditional Sales, §2, page 890. Under a conditional sales contract the seller retains the title to the property, but under a mortgage, according to modern cases, it is held that the seller or mortgagee merely has a lien on the property. The transfer of title and retention of the property such as we have in the case at bar constitutes the instrument a chattel mortgage. 3 M. J., Chattel Mortgages and Conditional Sales, §§1, 2. See Annotation in 92 A.L.R. 304.

Although we are of the opinion that the court below was in error when it found the chattel mortgage used in the instant case to be a conditional sales contract under West Virginia law, we do not think it is material in the decision of the case at bar because if the Bank is a holder in due course of the note it makes no difference whether the security is a conditional sales contract or chattel mortgage because both are merely instruments of security for the note; and if the Bank is the holder in due course of the note, that is, a purchaser for value without notice and before maturity, the absence or failure of consideration is no defense against a holder in due course. 8 Am. Jur., Bills and Notes, §572; Williston on Sales, Vol. 2, §332; *McClain* v. *Patterson*, 177 Ark. 554, 7 S. W. 2d 8; *Interstate Finance Company* v. *Schroder*, 74 W. Va. 67, 81 S. E. 552; *Mason* v. *Shaffer*, 82 W. Va. 632, 96 S. E. 1023; *Commercial Credit Co.* v. *Barnett*, 116 W. Va. 132, 178 S. E. 816.

It is the contention of the Bibbees that the uniform conditional sales act of 1921, as amended, is in conflict with the negotiable instruments act of 1907, as amended, and therefore should prevail. This contention would be correct if the acts or laws pertained to the same contractual situation. *McHenry* v. *Humes,* 112 W. Va. 432, 164 S. E. 501. However, the uniform conditional sales act deals with one situation and the uniform negotiable instruments act with another. They are not irreconcilable and do not conflict one with the other. One deals with conditional sales of personal property and the other deals with negotiable instruments. The uniform conditional sales act relates to non-negotiable instruments and the uniform negotiable instruments act relates to the law merchant dealing with bills and notes which are negotiable instruments.

There are a number of cases in this country which have adopted the so-called "single contract theory" in cases such as the one at bar where the note is physically attached, usually on the same printed sheet, to the chattel mortgage or conditional sales contract and the seller of the goods is closely related in business matters to the finance company to which the note and chattel mortgage or conditional sales contract are both assigned, and in such cases they are held to be practically one and the same. These cases have held that the holder of the note was not a holder in due course because the note and security were one and the same and the wording of the security "contaminates" the note. See 128 A.L.R. 729. However, the weight of authority in this country with which West Virginia is aligned does not support such theory. 8 Am. Jur., Bills and Notes, §572; 14 C.J.S., Chattel Mortgage, §440; 3 M. J., Chattel Mortgage and Conditional Sales, §2, page 889; Williston on Sales, Vol. 2, §332; *McClain* v. *Patterson,* 177 Ark. 554, 7 S. W. 2d 8; *Mason* v. *Shaffer,* 82 W. Va. 632, 96 S. E. 1023; *Commercial Credit Co.* v. *Barnett,* 116 W. Va. 132, 178 S. E. 816; *Cottrill* v. *First Huntington National Bank,* 119 W. Va. 120, 192 S. E. 131.

It should be pointed out that the Bank is not asserting any claim against the Bibbees by virtue of its being the

holder of the Ohio Chattel Mortgage. It is asserting its claim against the Bibbees on the note of which the Bibbees were the makers and which was endorsed to the Bank by the seller, Otto's Used Cars. The Bank paid a valuable consideration for the note, obtained it before maturity, and had no notice or knowledge of any failure or lack of consideration caused by legally ineffective delivery of a stolen car to the buyers as consideration for the note. It is for these reasons that the Bank contends that it is the holder in due course of the note. 14 C.J.S., Chattel Mortgages, §440.

It is true that if the Bank had attempted to use the security to satisfy its claim, it could not prevail because the security or the chattel mortgage is not a negotiable instrument and any defense that the Bibbees, the buyers of the automobile, would have against the seller, the Otto's Used Cars, could be asserted against anyone to whom the chattel mortgage was assigned if it is construed to be an absolute assignment of a non-negotiable instrument. 78 C.J.S., Sales, §641 (b). The trial court held that the Bank was the holder in due course, with which we agree, and when it is held that the Bank is a holder in due course this case is answered. Defenses of the nature asserted here are cut off. *Swafford v. Certified Finance Co.*, 90 Ga. App. 83, 82 S. E. 2d 168.

The case of *Commercial Credit Co. v. Barnett, supra,* is quite similar to the case at bar. In that case a conditional sales contract for an automobile purchased by the buyer was executed as well as a note for the purchase price. The buyer apparently never received the automobile and two signatures of the three makers on the note were held to be forgeries added later by the payee, the automobile dealer who shot and killed himself when confronted with the fraud. However, this Court held that the finance company was a holder in due course of the note not knowing of the dealer's fraud, and the fact that no automobile was ever received by the buyer was no defense to the note and that it made no difference that signatures of some of the purported makers were forgeries, there being one valid prior maker, the buyer. Recovery on the note was accordingly allowed. This is the law in West Virginia and we are not inclined to

overrule such cases. A holder in due course is not to be defeated on a valid note by claims the maker may have against the payee connected with the consideration.

The Bank, in addition to its contention that it is a holder in due course of the note in question and should therefore recover on said note regardless of the lack or failure of consideration due to the automobile in question being a stolen car, also relies on a waiver on the part of the Bibbees which would bar recovery on the part of the Bibbees. The waiver relied on is contained in the "buyer's statement" which is part of the record and signed only by Gerald O. Bibbee. It states in part that for the purpose of securing credit in connection with the purchase of the automobile in question the undersigned Bibbee will pay said note irrespective of any imperfections in said chattel. The Bibbees' contention is that the waiver was not specially pleaded by the Bank as a defense, was not part of the contract, and does not relate to the implied warranty of title to the automobile. Under the West Virginia Rules of Civil Procedure, which were effective at the time this case was tried, it is not necessary for a waiver to be specially pleaded and it can be set up in an answer or amendment thereto. Rule 8 (c) R.C.P. The matter of waiver was pleaded by the Bank upon a motion to amend its answer to the cross claim of the buyer, which motion was granted by the court and the matter of waiver was thereby presented. Liberality with regard to amended and supplemental pleadings is allowed under the Rules of Civil Procedure. Rule 15 R.C.P.

It is generally held that the parties may waive their rights unless a question of public policy is involved. 12 Am. Jur., Contracts, §181; *Young* v. *John Deere Plow Company,* 102 Ga. App. 132, 115 S. E. 2d 770; *Smith* v. *Bell,* 129 W. Va. 749, 41 S. E. 2d 695.

In the West Virginia case, *Smith* v. *Bell, supra,* it was held by this Court that a waiver such as the one presented in the case at bar does not violate any principle of public policy. If the waiver in question on the part of Bibbee is a valid waiver, and it would appear to be so under the facts in the instant case, then Bibbee in any event could not re-

cover on the cross-claim against the Bank or successfully defend the Bank's cross-claim on the note because of any imperfection in the title to the automobile in question.

For the reasons stated herein, when it is found that the Bank is the holder of the note in due course, which was found by the trial court under the stipulation of the facts submitted by the parties, the Bibbees, as buyers of the automobile in question, cannot set up as a defense to an action on the note failure or lack of consideration because the automobile was stolen property at the time of the sale. Therefore, the trial court was in error when it further found that the buyers could set off the value of the automobile in question against the amount due on the note. The judgment of the trial court which found the Bank to be the holder in due course of the note should have been in favor of the Bank in the amount due on the note and thus the Bank would prevail in this litigation and costs should have been awarded in favor of the Bank.

The judgment of the trial court is therefore reversed and the case remanded to the Circuit Court of Wood County for disposition in accordance with the directions contained in this opinion.

*Reversed and remanded.*