Staples, J.,
delivered the opinion of the court.
The court is of opinion that Robert L. Toncray, by his deed bearing date the 10th February, 1854, conveyed to John G. Stuart, president of the “Meigs County Mining Company,” and his successors in office, one-half of all the minerals, except the iron or», in and upon the tract of land now claimed by the appellants, and the interest so conveyed became afterwards vested in the persons composing the “Meigs County Tennessee and Virginia Mining Company”; and further that said deed, being duly recorded iu the proper county, constituted notice to all subsequent purchasers of the interests of the grantees therein and those claiming under them.
The court is further of opinion that the several deeds ■of trust afterwards executed by the said Robert L. Toncray, for the benefit of his creditors, and the deeds executed by commissioners, under decrees of the circuit court of Floyd county, conveyed to the purchasers under whom the appellants claim, only such title and interest as the said Toncray then had; and consequently said purchasers, and the appellants claiming under them, acquired no title to the mineral interests previously conveyed by said Toncray to the said John G. Stuart.
It further appears that Deskins & Co., and all the parties claiming under said deeds of trust, an.d under the deeds of said commissioners, including F. A. Winston, *71 not only had actual notice of the claim and title of the ., . . , , . ., said mining company and those composing said company, but that they repeatedly recognized that claim as valid.
It is not directly proved that the appellants had such notice; but the fact is charged in the bill, and not denied in the answers, and a careful examination of the record leads irresistibly to the conclusion that the appellants at and before the time of their purchase were perfectly well aware of the title of the persons composing (he “Meigs County Tennesee and Virginia Mining Company.” As against these latter parties, then, the appellants acquired no title to the property in controversy. At the time of the institution of this suit it was vested in the persons composing that company, was used as its proper assets, and is justly liable to those having valid claims against it. The justice of the appellee’s claim is fully established by the evidence, and is not seriously controverted by any one.
It further seems to the court that one of the members of said “Mining Company” resided in the county of Carroll at the time of the institution of this suit, whilst the others were non-residents of the state of Virginia.
It further appears that the appellee sought by his bill to subject to the payment of his debt, besides the property in controversy, certain mineral interests in the county of Carroll, and that a decree has been obtained by him for the sale of such interest, and the proceeds applied in part to his debt. Under such circumstances there is no doubt the circuit court of Carroll county had jurisdiction of the case, notwithstanding the property in controversy is situate in the county of Floyd. The residence of one of the defendants was sufficient for all the purposes of such jurisdiction independantly of the fact that other real estate justly liable to the debt was within the limits of the said county of Carroll. The jurisdiction of the court does not, as seems to be supposed, grow out of the attach - ment proceedings, which are merely ancillary. The *72 attachment may be entirely disregarded, and the bill sustained as an ordinary creditor’s bill to obtain satisfaction of the real estate. Both the residence of one of the defendants and the locality of the realty concurring to give jurisdiction.
rphe court is further of opinion, that the plea of the statute of limitations is in general a personal defence to be made by the party against whom the demand is asserted, or to be waived by him, if he desires so to do. What are the exceptions under which third persons may insist on the defence, when the debtor fails to do so, is not necessary now to be considered. Dawson v. Callaway, 18 Georgia, 583; Grattan v. Wiggins, 23 Calif. R. 16, 25. It is sufficient to say the present case is not one of them, and it was not competent for the appellants to interpose the bar of the statute against appellee’s demand. They do not claim under the Meigs County Tennesee and Virginia Mining Company, or under any of the persons composing that company. The appellants assert an adversary title to the property in controversy. As the persons composing the “Mining Company” consider the appellee’s claim just, and are willing, notwithstanding the lapse of time, that it shall be paid out of their estate, why should the appellants be permitted to interpose and object to the payment? If a debtor, recognizing the indulgence of his. creditor and the justice of his demand, is unwilling to plead the statute, it is difficult to tell upon what ground a third person who merely asserts title to the property can be permitted to do so. The debtor might have waived the benefit of the limitations in writing—he could effect the same object by coming into court and acknowledging the debt, or by permitting the bill to be taken for confessed.
It would seem, however, that all the defendants united in the plea of the statute of limitations—at least the record so states—although there is good reason to believe this a *73 mistake, and that the appellants alone made this defence. Be this as it may, the circuit court overruled the plea, and rendered a decree in favor of the appellee. From that decree neither the “Mining Company” nor any member of it has appealed. Are the appellants entitled to demand a reversal ? A party complaining of a decree is required to point out some error prejudicial to his interests. If the proposition already stated be true, that the appellants would not set up the bar of the statute of limitation, it follows they cannot in this court claim a reversal of the decree because the circuit court did not sustain the plea when interposed by the debtor. The latter being satisfied with the decree, the appellants must be held bound by it. They claiming under a hostile title cannot be heard to complain that the court has improperly appropriated the debtor’s property to the satisfaction of the creditor’s claim—the debtor himself making no complaint. The court is therefore of opinion, that if there be error in the decree of the circuit court in this particular, it is not the subject of review by this court.
The court is further of opinion, that'the objection made in the court below and in this court by the appellants, that the “mineral interests” in controversy have not been subjected to the tests required in the deed from Toncray to John G. Stuart, president, and his successors, is not well founded. The evidence satisfactorily shows that such tests were made.
Hone of the parties under whom appellants claim ever contended otherwise : so far from it, all of them seem to have recognized the tests as sufficient. It is proved indeed that Itobert L. Toncray long ago brought his suit claiming that such was the fact, and relying upon it as a ground of relief.
The court is further of opinion, that the objection for the want of proper parties comes too late, if indeed the objection would have availed at any time. The bill filed *74 by the appellee avers that certain persons named by him now compose the “Meigs County Tennesee and Virginia Company”; and these persons are made defendants—¡fie home defendants by service of process, and the non-residents by order of publication. None of the defendarits controverted this averment; nor is the want of proper parties suggested in the pleadings. One of the appellee’s witnesses undertakes to say there are two or three interests not represented—persons who were members of the company in 1854. It is very probable the witness is either mistaken upon this point, or the persons alluded to by him have long since transferred their interests to others who are before the court. Be this as it -may, it is an all-sufficient answer to the objection that it for the first time made in this court. Where that is ■the case the objection will not avail unless it is manifest that the absent party is indispensable.-
The rule on this subject is, that where the defect in not ■making proper parties appears on the face of the bill, the objection may, and ought, to be made by demurrer. Where it does not so appear it should be made by plea or answer. 2 Rob. Prac. 276, old ed. When, however, the objection is delayed till the hearing in the appellate court— whether it will avail or not will depend much on the circumstances. If the absent party has an interest in the subject matter of controversy, of such a nature that a final decree cannot be made without affecting that interest, the appellate court, of its own motion, will direct that he be brought before the court, whether the objection was or was not made in the court below. If, on the other hand, the interests of the absent parties are separable from those of the parties before the court, so that the court can proceed to a final decree, and do complete justice without affecting the absent parties, the latter are not regarded as indispensable. A defendant who claims that certain persons should ■be made parties to share a common burden ought to make *75 the objection, as a general rule, in the pleadings; and if the objection be delayed until the case reaches the appellate court, that court will not require it unless it is clear that the absent party is likely to be prejudiced by the decree. Shields v. Barrow, 17 How. U. S. R. 130 • Story v. Livingston, 17 Peter’s R. 359, 375. Here persons, owning more than three-fourths of the interests, are before the court, and the decree is for the sale of those interests only. Sach a sale cannot affect the interests, of the absent parties. The purchaser under the decree will occupy the position of tenant in common with the parties whose interests are not sold. The latter will hold their shares exempt from liability until proper proceedings are had against them to enforce contribution. Nor will they be concluded by the decree in this case from making any just and proper defence. It is also to be borne in mind that the objection for want of proper parties is not made by the defendants whose interests are decreed to be sold, but by the appellants who, as has been seen, are not in privity with these defendants, but assert an adverse claim.
For the reasons stated, the court is of opinion there is no error in the decree of the circuit court, and the same must therefore be affirmed.
Decree affirmed.