# CHARLESTON.

## WALKER v. BOGGESS et al.

Submitted September 12, 1895—Decided Dec. 11, 1895.

1. DEED OF TRUST—SALE BY TRUSTEE.

When a deed of trust is executed, the law existing at the time of its execution enters into and forms a part of the contract, and such trust is to be enforced as to terms of sale in accordance with the statute on the subject existing at the time said trust was executed; and a subsequent statute providing for sales under deeds of trust, which provides that such sale shall be on a credit, when the law at the date of the trust provided that the sale shall be for cash, will not affect the original contract, and the sale may be made for cash notwithstanding said subsequent statute.

2. DEED OF TRUST—SALE BY TRUSTEE—INJUNCTION—NOTICE TO MORTGAGOR.

Where a party obtains an injunction to a sale which is advertised under a trust deed, and one of the grounds upon which the plaintiff in his bill relies is that notice has not been served upon the grantor, in order that such ground may avail him it must appear affirmatively that such grantor resides in the county.

CHAS. E. HOGG the appellant, cited 24 W. Va. 215; 35 W. Va. 458; Martindale, Conv. (2nd Ed.) §§ 169, 170; 29 W. Va. 512; 74 Wis. 11; 67 Miss. 169; 30 Mo. App. 67; 109 N. C. 417.

ENGLISH, JUDGE:

The following statement of this case is taken from the statement of counsel for the appellant: On the 8th day of March, 1870, one Leonard G. Fisher and his wife conveyed unto the heirs of his deceased son, Perry A. Fisher, a tract of land situate on the waters of Duddens Fork of Poca

river, containing two hundred and fifteen acres, and of these heirs James B. Fisher was one. On the 24th day of February, 1879, said James B. Fisher executed a deed of trust or mortgage on his undivided interest in said tract of land to the defendant John H. Duff, and this trust or mortgage debt was afterwards assigned to said Leonard G. Fisher, and by him assigned to the defendant George W. Boggess. On the 8th day of February, 1881, the said James B. Fisher conveyed the said interest owned by him in the said tract of land unto the defendant C. L. Brown, trustee, to secure the payment of two promissory notes, each in the sum of one hundred dollars, one of which is payable to C. E. Hogg and the other to Henry J. Fisher. After the said George W. Boggess became the owner of said Duff note and the mortgage or trust deed securing the same, said Boggess became the purchaser and owner of the said interest of the said Fisher in the said tract of land, and turned over the said note to the said Fisher (the maker thereof) in part payment of said interest. After so becoming the owner of said interest in said land of the said Fisher, the said Boggess sold the same to the defendant George W. Raines, and deeded it to him, with covenants of general warranty; and the said Raines then sold the said land to the plaintiff, Francis Walker, with covenants of general warranty, the sale being made on a credit of six years, as shown by exhibit D. filed with plaintiff's bill, and, after the said Walker became the owner of the said land, the said Brown advertised the sale of the same to pay off the debt of the petitioner (C. E. Hogg) as will be seen from said record, said sale to take place on the 1st day of October, 1894.

Under this state of facts, the plaintiff, Walker, on the 20th day of September, 1894, obtained an injunction to restrain the sale, on the ground that no notice of said sale had been served on the said Fisher, the grantor in said deed of trust, although it nowhere appears in said bill that he is a resident of the county of Jackson, where said deed is recorded, and where the land is located, and on the further grounds that said sale should be on a credit, as provided by statute enacted in 1882, and also that the case should be referred to a commissioner to ascertain the liens

upon the said land before any sale thereof is made, and that no sale at all should be made by said trustee under said deed of trust. On March 12, 1895, said Charles E. Hogg moved the court to dissolve said injunction on the face of said bill and its exhibits, but the court overruled said motion, and refused to dissolve said injunction; and, from the decree overruling said motion to dissolve, the defendant C. E. Hogg applied for and obtained this appeal.

One of the assignments of error relied on by the appellant is: As the deed of trust was executed prior to the enactment of chapter 140 of the Acts of 1882, which provides for the sale of property under a deed of trust, that the trustee shall sell the property for one-third cash in hand, one-third thereof, with interest, in one year, and one-third thereof, with interest, in two years, from the day of sale, taking from the purchaser his notes, with good security for the deferred payments, and retaining the title as a further security. At the time said deed of trust was executed, the statute provided that such sale should be made for cash, unless therein otherwise provided; and one of the grounds on which the plaintiff relies in his bill for injunction is that said land was advertised for cash, instead of being advertised as required under the act of 1882. Now, the question is, which of these statutes should control as to the mode of advertising and the terms of sale of said land under said trust deed. The law existing at the time the deed of trust was executed entered into and formed a part of the contract. It appears that the note for one hundred dollars, executed by J. B. Fisher to C. E. Hogg, to recover which he is seeking to enforce this trust, bore date the 8th day of February, 1881, and was payable six months after date, with interest; and, if said trustee had advertised and sold said property when said note fell due, he would have sold for cash under the statute then existing. Can it be that, by the leniency he has extended to the grantor in said deed of trust, the contract has been changed? It is now claimed that, instead of selling for cash, said trustee must sell on a credit of one and two years, which would work an entire change in the contract. Bishop on Con-

tracts (section 567) under the head of "Subsequent Laws Impairing or not the Obligation," says: "Viewing a contract, therefore, as consisting both of the words of the parties, and, mingled therewith, of all relevant provisions of law under which it was made, if now we find any obligation which the mingled contract imposes on either party attempted to be augmented, diminished, or otherwise changed by a later statute, to the detriment of either, the enactment will be ineffectual for the purpose. Not only is annihilation thereby of the entire stipulations thus appearing, impossible, but, for example, no abatement of the interest which the law of a contract allowed, no other diminution of a sum payable, no injurious change in the manner or time of payment, * * * no other tampering with the original obligation, is permissible." It follows that "for a statute to be obnoxious to this provision, it must be made subsequently to the contract, since, as we have seen, the prior laws are interpreted into it, and thereby rendered parts thereof." In section 554 the same author says: "The doctrine derivable from the provision under consideration is that, whenever a contract between whatever parties and on whatever subject has been entered into, the mutual obligations which the law with reference whereto it was made imposed on the parties can not be cast off or diminished by any subsequent enactment in the same state."

In the case of *City of Richmond* v. *Supervisors of Henrico Co.*, 83 Va. 204, (2 S. E. 26) it was held that "a statute is never construed to be retrospective unless the intent that it shall so operate plainly appears upon its face. This rule applies even to remedial statutes. Its meaning must be arrived at from its own language, and not from the declaration of its draftsman." The act of 1882 (chapter 140, s. 6) evidently contemplated prospective action, and the provisions of said section were intended to apply to deeds of trust drawn under the preceding sections of said chapter, in which the form of the deed of trust is prescribed. The language is: "The trustee in any such deed shall, whenever required by any creditor secured, or any surety indemnified by the deed," *etc.*, "after the debt * * * shall

have become payable, and default shall have been made,"
*etc.*, "by the grantor, sell the property * * * for one-
third cash, * * * and, as to the residue, on a credit of
one and two years, with interest," *etc.;* showing that this
new mode of selling and these new terms of sale applied to
deeds of trust prepared and executed under the provisions
of said chapter, and the sale was provided for in contem-
plation of some future default, which might be made by
the grantor in said trust deed. Upon the question as to
the proper construction of statutes, this Court held in the
case of *Stewart* v. *Vandervort* (W. Va.) 12 S. E. 736, that "a
cardinal rule in interpreting statutes is to construe them as
prospective in operation in every instance, except where the
intent that they shall act retrospectively is expressed in clear
and unambiguous terms, or such intent is necessarily im-
plied from the language of the statute, which would be
inoperative otherwise 'than retrospectively. In doubt, it
should be resolved against rather than in favor of its retro-
active operation." And, to strengthen this view, sections 1
and 2 of chapter 166 of the Code of 1887, in which said act
of 1882 is incorporated, after, in section 1 of said chapter,
providing for the repeal of all acts of a general nature in
force on the day preceding the 1st day of April, 1869, sub-
ject to such limitations as may be prescribed by law, section
2 provides that such repeal should not affect any right es-
tablished or accruing before said 1st day of April, 1869,
and the same provision is found in sections 1 and 2 of
chapter 166 of the Code of 1891.

In the case under consideration, a right was established
by reason of the law existing at the time said deed of trust
was executed, forming part of the contract, and authorizing
the sale under the same to be made for cash; and the repeal
of that law, and the provision that sales under trust deeds
shall be made for one-third cash, and the balance on a
credit of one and two years, with interest, can not affect
the right of said *cestui que trust* to have said sale made for
cash.

It is further claimed in the injunction bill that the trustee
in said deed of trust has not, in proceeding to sell said land,
given notice to the grantor, as required by section 7 of

chapter 72 of the Code; but reference to said section discloses the fact that the statute requires such notice to be given "if he or they be within the county." It does not appear by the bill that said grantor was within the county at the time the sale was advertised, or at any time since that date. It appears from the face of the bill that the plaintiff is holding his land under a deed with covenants of general warranty, with an amount of purchase money remaining unpaid greatly in excess of said trust debt; so that he has it in his power to protect himself by suit upon the warranty.

It also appears that the Duff debt claimed to be a lien on the interest of J. B. Fisher was owned and held by G. W. Boggess, who conveyed the land, with covenants of general warranty to defendant Raines, who conveyed the same to plaintiff, with covenants of general warranty, so that Boggess would be estopped from asserting the same as a lien against the land formerly owned by said J. B. Fisher, so that the plaintiff, from his own showing, is amply protected.

For these reasons the decree complained of must be reversed, with costs.