# CHARLESTON

Shea v. Ballard et al.

Submitted January 10, 1907.     Decided January 26, 1907.

1. Mortgages—*Sale Under Trust Deed—Notice—Posting.*
     It is essential to the validity of a trustee's sale, where the deed of trust under which the sale is made does not otherwise provide, that notice of the sale be posted at the front door of the court house of the county wherein the land lies. (p. 256.)

2. Same—*Setting Aside Sale.*
     The burden of proof is upon the plaintiff to show that property sold by a trustee under a deed of trust was not properly advertised, where a deed has been made to the purchaser, and he is not the trust creditor, nor in any way chargeable with nor responsible for the regularity of the proceedings under which the sale is made. (p. 256.)

3. Same—*Notice of Sale.*
     It is not essential to the validity of a sale under section 7, chapter 72, Code 1899, section 3056 Anno. Code 1906, providing that a copy of the notice of sale therein specified shall be served upon the grantor, his agent or personal representative, that such notice be served upon the assignee or alienee of the grantor. (p. 256.)

Appeal from Circuit Court, Kanawha County.

Bill by A. G. Shea against W. L. Ballard and others. Decree for defendants, and complainant appeals.

*Reversed.*

Payne & Payne, for appellant.

H. O. Middleton, for appellees.

Sanders, Judge:

E. E. Huddleston and wife, being the owners of three certain lots of land in the City of Charleston, conveyed the same to George E. Price, trustee, to secure a loan of eight hundred dollars, advanced to the grantors therein by the Kanawha Valley Building Association No. 2. On the 17th day of November, 1900, Huddleston and wife conveyed the three lots to the plaintiff, A. G. Shea, in consideration of one hundred dollars, and in the further consideration of the assumption by her of the loan secured by said deed of trust. The plaintiff and her grantors having made certain payments

upon the loan to the Association, and she desiring to pay the remainder, a disagreement arose between her and the Association as to the exact amount due, and no agreement being reached, and no settlement being made between them, the trustee, after having advertised the land, sold it to W. L. Ballard for the sum of seven hundred and fifty dollars, and on the day following the sale conveyed the same to him. Shortly thereafter the plaintiff filed a bill in equity in the circuit court of Kanawha county, against Price, trustee, Kanawha Valley Building Association No. 2, and Ballard, the purchaser, for the purpose of canceling the deed and setting aside the sale from Price, trustee, to Ballard, and to enjoin an action of unlawful entry and detainer which had been instituted by Ballard to recover possession of the property in controversy. Upon a final hearing of the cause, the circuit court dismissed the plaintiff's bill, and it is from this decree that she has appealed.

One reason assigned by the plaintiff for setting aside the sale and canceling the deed is that she, having purchased the property from Huddleston and wife, the grantors in the trust deed, and having continued to make payments upon the loan to the Association, which sums were accepted by it, under the true construction of section 7, chapter 72, Code 1899, section 3056 Anno. Code 1906, a copy of the notice of sale should have been served upon her at least twenty days prior to the day of sale. This section only requires a copy of the notice to be served upon the grantor of the deed, or his agent or personal representative, if he or they be within the county, at least twenty days prior to the day of sale. It is not claimed that the grantors in this instance were within the county; on the other hand, it is conceded that they were not. We cannot, by construction, extend the provisions of this statute so as to apply it to the assignee or alienee of a grantor. In the absence of this statute, no such notice would be required. Therefore, a literal compliance with its provisions is all that is necessary. The plaintiff bought subject to the trust deed; in fact, she assumed the payment of the loan secured by it, and she knew that under the statute personal service was only required to be given to her grantor. Therefore the failure to give her such notice is no ground for setting aside the deed and sale.

The plaintiff also insists that the sale and deed should be set aside and annulled, because the trustee failed to post a notice of sale at the front door of the court house of Kanawha county. The same section of the Code, above referred to, provides that where property is sold under a deed of trust, unless it be otherwise provided in the deed of trust, a copy of such notice shall be posted at the front door of the court house of the county wherein the land lies, for a certain time therein specified. A trustee is only authorized to make sale of the property conveyed in such manner as is provided by the trust deed, and where there is no provision as to notice, then as is required by the statute. The trust deed here made no provision for the advertisement; hence the trustee, in making the sale, should have given the notice required by the Code. As to whether or not such notice was posted, calls for a consideration of the evidence. The appellant contends that the burden is upon the purchaser to show that the property was properly advertised, but we cannot subscribe to this view, in the light of the former decisions of this Court. *Burke* v. *Adair*, 23 W. Va. 139, and *Atkinson* v. *College*, 54 W. Va. 32, plainly hold that the burden of proof, in such case, is upon the plaintiff. A purchaser at a trustee's sale, after acquiring a deed for the property, does not assume the burden of showing that the sale was regularly made and the property properly advertised, where he is not the trust creditor, and where there is no duty or responsibility whatever charging him with the regularity of the proceedings under which the sale is made. The trustee does not claim to have personally posted the notice, but in his answer he states that he had the notice of sale published in the Charleston Daily Gazette, a newspaper published in Charleston, Kanawha county, West Virginia, for four successive weeks, and that, as he was accustomed to do, he requested the manager of the newspaper to post the notice at the front door of the court house. The trustee does not testify, and from a careful consideration of all the evidence, we conclude that the notice was not so posted. Entertaining these views, it follows that the decree of the circuit court must be reversed, and the sale and deed of the trustee to Ballard must be set aside and canceled.

*Reversed.*