# CHARLESTON

COPELAN V. SOHN *et als.*

Submitted September 29, 1914.  Decided October 6, 1914.

1. MORTGAGES—*Deed of Trust—Form—Authority to Sell.*
   Though a deed of trust, in form prescribed by section 5, chapter 72, Code 1906, does not in express terms authorize the trustee to sell on default of payment, section 6 of the same chapter gives such power, and if the terms of sale are not provided in the trust, upon the terms thereby prescribed. (p. 86):

2. SAME—*Deeds of Trust—Foreclosure—Notice of Sale.*
   A notice of sale by a trustee in a deed of trust, which names the grantor and trustee, and refers to the deed, by date and deed book where recorded, is not defective under section 6, chapter 72, Code

1906, for failure to also mention the name of the beneficiary in such deed of trust. (p. 87).

3. SAME—*Deed of Trust—Foreclosure—Notice of Sale—Description of Property.*

Nor is such notice of sale, which describes the property to be sold as "the property by said deed conveyed to me. This property comprises a valuable brick building, located on lot 23, in block 5, on a map of Williamson in said county" fatally defective and void by said section for failure to show the quantity or description of the land conveyed and proposed to be sold. (p. 87).

4. SAME—*Deed of Trust—Foreclosure—Notice of Sale—Service.*

Personal service of such notice of sale on the grantor or his agent, is not· required by section 7, chapter 72, Code 1906, unless such grantor or agent resides in the county where the property is located. (p. 87).

5. SAME—*Deed of Trust—Foreclosure—Authority to Sell—Delegation —Employment of Auctioneer.*

A trustee in a deed of trust to secure a debt cannot lawfully delegate his authority to sell to another, but himself being personally present and directing the sale, he may lawfully employ an auctioneer to cry the sale. (p. 88).

6. SAME—*Deed of Trust—Priority of Liens—Action.*

A trustee in a deed of trust is not required, as a condition precedent to the right to make sale of the property conveyed, to ascertain or to invoke the aid of a court of equity in ascertaining the validity or the amounts and priorities of subsequent liens or deeds of trust on the same property. (p. 88).

7. SAME—*Deed of Trust—Foreclosure—Sale—Equitable Price.*

· The sale by a trustee of property covered·by a deed of trust at one half the highest estimated value thereof is not such grossly inadequate price as will of itself be sufficient to avoid the sale. (p. 88).

8. SAME—*Deed of Trust—Foreclosure—Sale—Agreement Between Purchasers—Public Policy.*

A prior agreement between two or more persons to become jointly interested in the purchase of. property at a sale by a trustee in a deed of trust· is not void as against public policy rendering such purchase and the deed from the trustee to such purchasers void, no fraud therein being shown. (p. 89).

9. SAME—*Deed of Trust—Foreclosure—Attorney for Creditor and·. Trustee.*

An attorney for the creditor is not incompetent to act as trustee in a deed of trust securing a debt; but being then the agent of both

parties he is bound, in executing the trust, to act honestly and im-
partially between the parties, and endeavor by proper notice and
otherwise to obtain the best price for the property, and if necessary,
to invoke the aid of a court of equity in doing so.  (p. 89).

10.  SAME—*Trust Deed—Foreclosure—Default.*
    There can be no sale by the trustee of the property conveyed, if
by the terms of the trust, and the evidence adduced, there has been
no default by the debtor justifying the sale.  (p. 90). .

Appeal from Circuit Court, Mingo County.

Suit by M. Copelan against Eli Sohn and others.   Decree
for plaintiff, and defendant Sohn appeals.

*Affirmed.*

*Stokes & Bronson,* for appellant.

*G. R. C. Wiles,* for appellee.

MILLER, PRESIDENT:

The decree appealed from set aside the sale by Wysor,
trustee, to Sohn, on November 21, 1910, of the property cov-
ered by the deed of trust from Copelan to him, and also his
deed to Sohn, the purchaser; removed the latter deed as a
cloud upon the title of Copelan, and gave him a writ of
possession.   It also referred the cause to a commissioner to
ascertain the exact amount of the indebtedness due from
Copelan to the estate of Eisenman, the trust creditor; and,
among other things, directed him to make settlement between
the trustee, Wysor, and Sohn for the money paid for the
property, taxes paid, and for the rents and profits of the
property received by Sohn subsequent to the purchase of the
property by him.

The grounds for the relief prayed for were, first, that the
deed of trust did not empower the trustee to make sale of the
property; second, that there had been no default in the appli-
cation of the rents collected, as provided in said deed of
trust; third, that the sale was not advertised as required by
law, and that plaintiff had no notice thereof; fourth, that the
sale was made by an auctioneer, and not by the trustee; fifth,
that there were various other liens of record against said
property and that purchasers were deterred from bidding by

reason thereof; sixth, that the price obtained was grossly inadequate.

The deed of trust does not in specific terms authorize the trustee to sell, but it is in the form prescribed by section 5, chapter 72, Code 1906. It also contains the following covenants: "But this deed of trust is not to be *enforsed* within five years from this date unless the said property is sold, in which case this deed of trust is to participate in the proceeds of sale, and provided that after the expiration of thirty months from this date, the rents and profits of the property are to be applied monthly to the debt hereby secured * * * * and if said rents and profits *ware* not so applied, this deed of trust shall be immediately *inforsible, etc.*" It is insisted that the words of the covenants imply power of sale. But if the deed contained no implicative words the statute, section 6, chapter 72, Code 1906, we think must be construed, according to its terms, to confer such power. It provides: "The trustee in any such deed shall, whenever required by any creditor secured or any surety indemnified by the deed, or the personal representative of any such creditor or surety, after the debt due to such creditor or for which such surety may be liable, shall have become payable and default shall have been made in the payment thereof, or any part thereof, by the grantor, sell the property conveyed by the deed, or so much thereof as may be necessary, at public auction, upon such terms as are mentioned in said deed; and if no terms are therein mentioned, then upon the" terms prescribed by the statute.

True as argued by counsel, the powers of a trustee over a trust subject are generally limited and defined by the terms of the trust, as declared in *Atkinson* v. *Beckett,* 34 W. Va. 584, *George* v. *Zinn,* 57 W. Va. 15, and *Crumlish* v. *Railroad Co.,* 32 W. Va. 244. But where the deed of trust is in the form prescribed by statute, if no specific power of sale is given, the statute supplies the power, and the trustee is authorized to sell upon default, according to the terms of the statute, the same as if those terms were written in the deed.

We pass for the present consideration of the second ground for relief, preferring to consider it lastly, in connection with

the facts bearing on the other grounds of relief relied on, when we have disposed of them.

The ground that the notice of sale was defective is not sustained. The alleged defects are, (a) that the notice does not show the names of the parties to the deed of trust, (b) that it does not show the quantity or description of the land conveyed and proposed to be sold. The notice does show the grantor and grantee, and refers to the deed book and page where the deed of trust is recorded, where the name of the trust creditor also appears. The absence of the name of the beneficiary in the notice we do not think renders the notice bad, under said section 6, chapter 72, Code.

As to the quantity and description of the property, the notice says, the trustee will ''sell at public auction the property by said deed conveyed to me. This property comprises a valuable brick building, located on lot 23, in block 5, on a map of Williamson in said county.'' It could not properly be inferred from this notice, as contended, that the trustee proposed to sell the building only, and not the lot. We see nothing in this point.

That the plaintiff had no notice of the sale may be regarded as established by proof, if by notice, actual notice is intended. Plaintiff swears he had no actual notice. He resided in Parkersburg at the time of the sale, more than two hundred miles from Williamson, where the property sold is located. He swears that the first actual notice he received was by telegram from Henry Williams, on the morning of the day of sale, too late for him to reach Williamson, and that though he started at once he did not reach Williamson until after the sale had been completed and the deed made. The notice, however, was published and posted as required by law, and there was actual service upon Henry Williams, at Williamson, as the alleged agent of Copelan. Williams swears that a day or two after he received the notice he dictated a letter to Copelan to his stenographer, and directed the notice to be mailed with the letter to Copelan at Parkersburg. He is unable to swear that the notice and letter were actually mailed. Copelan swears that he never received the letter or notice, but the statute, section 7, chapter 72, Code 1906, does not require actual

notice to be served on the grantor or his agent unless he or his agent be within the county. We think, therefore, that the notice given was legally sufficient.

The fourth ground, that the sale was made by an auctioneer, we think, of itself, has little, if any, merit. Of course the trustee could not delegate his authority. He may employ an auctioneer, we think, to do the physical work of crying the sale, but as the trust is personal to him he must be present at the time and place of sale, and supervise the same, and cannot delegate his powers to a stranger. *Smith* v. *Lowther*, 35 W. Va. 300. There is ample authority justifying the employment of an auctioneer in such cases. 28 Am. & Eng. Ency. Law, 768. In this case the proof is that the trustee was personally present, directing the sale, and he swears that he gave directions about knocking the property down to the purchaser. The evidence of the auctioneer, however, gives some color to the contention that the trustee was not immediately present when he sold to Sohn, but we are of opinion that the conduct of the trustee, standing alone, would not be sufficient to avoid the sale. It does not appear that the plaintiff was materially prejudiced thereby.

Next, did the alleged liens recorded against the property deter bidders in a way prejudicial to the plaintiff, or calling for a suit by the trustee before selling the property? The evidence shows that there were no prior liens that had not been released at the time of the sale. There were some subsequent deeds of trust then subsisting, among them one of February 15, 1909, in favor of the plaintiff's son, but such subsequent deeds did not call for suit by the trustee, and it is not shown that they had any effect in deterring bidders. One witness, Stephenson, says, he had intended to bid $5,000 to $6,000 on the property, but that a prior lien for purchase money prevented him. He was evidently mistaken.

With respect to the sixth ground, inadequacy in price, there is evidence pro and con. The property was sold for $4,500.00. The testimony of seven witnesses for plaintiff ranges in estimate from $7,000 to $9,000; three witnesses for the defendant swear that the actual value of the property did not exceed from $4,000 to $5,000. There is evidence, however, showing

that since the purchase of the property by Sohn, with some little improvement added, the property had been renting for $100.00 per month, or at the rate of ten per cent. gross on a valuation of $12,000.00. Standing alone, however, we do not think that price is proven to have been so grossly inadequate as to warrant setting aside the sale on that ground. It does not justify the presumption of fraud. Our case of *Lallance* v. *Fisher*, 29 W. Va. 513, followed in *Wood* v. *Harmison*, 41 W. Va. 376, 389, holds, that a sale for one half the estimated value is not such inadequacy.

In argument here two additional grounds for relief, not covered by the bill or amended bills, are assigned and apparently relied on, namely, (a) that there was an unlawful combination between the purchaser and other bidders, for the purpose of preventing a sale of the property at its true and actual value, and for the purpose of securing the property at an inadequate price; (b) that Wysor, the trustee, was a member of the firm of Wysor & Gardner, attorneys representing Eisenman, the beneficiary in the trust, wherefore not an impartial agent or fiduciary, competent to act between the parties in the sale of the property. As we have said these grounds for relief are not pleaded, and if they were we see little in the evidence to support them. The evidence relied on to support the first of these contentions is that Sohn, the purchaser, had agreed with the witnesses Hubbard and Shelton before the sale to become jointly interested in the purchase. They were not general partners in buying and selling real estate, nor is it shown that their agreement was for the purpose of stifling bidding. This is not such a case as we had in *Coal & Coke Ry. Co.* v. *Marple*, 70 W. Va. 136, 73 S. E. 261, involving an agreement between competitive bidders at a tax sale, held to contravene public policy, and render void a tax deed acquired thereby.

On the other point it is quite true that the trustee in the deed of trust is the agent of both parties, and is bound to act impartially between them. It is so held in *Livey* v. *Winton*, 30 W. Va. 554, *Hartman* v. *Evans*, 38 W. Va. 669, and *Spencer* v. *Lee*, 19 W. Va. 187. Indeed this is familiar law, laid down in many cases. But the fact that the trustee was a member

of a law firm in charge of the collection of the debt of the creditor, without more, is not sufficient to overthrow his act and deed. It is not an uncommon thing to make the attorney for the creditor trustee in a deed of trust. *Terry* v. *Fitzgerald,* 32 Grat. 843. When, however, the trustee comes to making the sale or to deal with the trust property in execution of the trust, being the agent of both parties, he must act impartially and honestly between them, as the case just cited likewise holds. He must give proper notice and he must endeavor to get the best price possible, and if there is doubt about the amount of the debt secured, or there are prior recorded liens uncertain in amount, or other facts and circumstances existing interfering with a proper execution of his duties in the premises, he is required to invoke the assistance of a court of equity. So far as we can see from the record, however, there was nothing in the acts or conduct of the trustee showing or justifying the inference that he did not attempt to act fairly and justly between the parties. There is evidence tending to show some urgency upon the part of the trust creditor to have the trustee sell immediately at the end of thirty months provided for in the trust, and that the trustee declined to act because there had then been no default.

Recurring now to the second ground of relief relied on, that there had been no default in the application of rents, justifying the sale by the trustee, there is conflict in the evidence on this question. According to the evidence the creditor Eisenman had demanded execution of the trust before there was any default in paying over the accruing rents. It is admitted by plaintiff that the actual money collected on rents was not paid over to Eisenman. The reason given being that a very small amount of rents remained, after taxes and repairs were paid, for application on the debt. But he alleges and proves by himself and his son that sums amounting in the aggregate to $396.95, and more than the accrued rents amounted to at the time of sale, were paid Eisenman on his trust debt, and that there was in fact no default, and that the sale was void. Plaintiff's testimony is objected to as incompetent, Eisenman being dead, but the evidence of the son proves the same thing, and the son's checks used in payment

are exhibited with the son's deposition. Some letters of plaintiff to Gardner, attorney for Mrs. Eisenman, are offered as tending to contradict the plaintiff, in regard to the alleged payments on the debt. These letters show that Gardner, for his client, was demanding literal performance of the covenants in the trust to pay over the identical rents collected on the Williamson property. But if it be true, as claimed, that the other payments made through the son aggregated as much or more than the rents, we think this amounted to substantial compliance. There is a suggestion that these alleged payments were for interest accrued on the debt prior to the sale. This suggestion is answered by the argument that the deed of trust provided for no payments of any kind until after thirty months from the date of the trust.

It does not appear upon what grounds the court set aside the sale and the deed of the trustee. If any of the grounds alleged are established by proof the decree should be affirmed. We are unable to say, taking the record and evidence upon all points, and particularly upon the question of default in paying over the rents, or money in lieu of rents, the court erred. We are firm in our opinion that if the payments were made by plaintiff through his son, as proven, to be applied upon the trust debt of Eisenman, and as to which the evidence is conflicting, there was no default simply because the actual money received for rents as contemplated by the trust was not paid over to Eisenman. We must assume that the court below found according to the contention of plaintiff, that payments, aggregating as much or more than the rents, and which should be treated in lieu of rents collected, were in fact made, and that there was no default. We cannot say that the court erred therein, and are of opinion to affirm the decree.

On rehearing: We have carefully examined the record and briefs and arguments of counsel, and are of opinion to adhere to our original decision. The evidence of Copelan and his son, said to be incompetent, we do not think is decisive. If we exclude it, other competent evidence, we think, justifies affirmance of the decree; at all events we base our conclusions not upon one point alone, but upon the whole case made by the record.

. The point that the decree makes no provision for restitution of purchase money to the purchaser is answered by the fact that the decree refers the cause to a commissioner for settlement for rents collected, taxes paid, &c., and for final decree protecting the purchaser.

We think upon the whole record the decree below is right and should be affirmed.

*Affirmed.*