LUTHER J. SMITH

*v.*

CLARENCE J. BELL

(CC 719)

Submitted January 28, 1947.    Decided March 4, 1947.

*James A. McWhorter*, for plaintiff.

*Mohler, Peters & Snyder* and *Robert L. Merricks*, for defendant.

*Hill, Thomas, Neff & Morris*, amicus curiae.

HAYMOND, JUDGE:

This suit was instituted in the Circuit Court of Kanawha County by the plaintiff, Luther J. Smith, to require specific performance by the defendant, Clarence J. Bell, of a written contract, entered into between them on July 12, 1946, by which the plaintiff agreed to sell, and the defendant agreed to purchase from the plaintiff, certain improved real estate in Kanawha County, West Virginia.

The plaintiff agreed to convey good title, but the defendant refused to accept a conveyance solely because of an alleged defective sale under a prior deed of trust through which the plaintiff claims his ownership of the property. The plaintiff then brought this suit and filed his bill of complaint in which he seeks specific performance of the contract. No demurrer to the bill of complaint was filed. The defendant filed his answer in which he states, as his defense to the asserted right of the plaintiff to specific performance, the claim that the

title is not marketable for the reason that a deed of a trustee, in the chain of title, was fatally defective because of the failure of the trustee, in making sale of the property under the deed of trust, to cause notice of such sale to be served upon the grantors, who were residents of the county in which the property was located, at least twenty days prior to the sale, as provided in Section 7, Chapter 72, Code, 1923, which section, as subsequently amended, is now known and designated as Section 4, Article 1, Chapter 38, Code, 1931. The plaintiff demurred to the answer on the ground that the deed of trust, which was filed as an exhibit, contained an express waiver by the grantors of the service of such notice, which waiver rendered compliance with that provision of the statute unnecessary. The circuit court considered the answer sufficient in that the alleged defect in the title was a complete defense to the claim of the plaintiff, overruled the demurrer of the plaintiff, and, on its own motion, certified its ruling to this Court.

The single point of law made and certified is whether a provision in a deed of trust waiving the requirement of Chapter 72, Section 7, Code, 1923, now contained in Section 4, Article 1, Chapter 38, Code, 1931, relating to personal service of notice of sale upon the grantors, in the event of foreclosure, is legally effective.

The statute, Chapter 72, Section 7, Code, 1923, relating to notice in connection with sales under deeds of trust, in effect when the deed of trust was made, employs this language:

"When any property is about to be sold under a deed of trust, the trustee shall, unless it be otherwise provided in the deed of trust, or in the opinion of the trustee the property to be sold be of less value than three hundred dollars, publish a notice of such sale in some newspaper published in the county, if there be one which will publish the notice at the rates prescribed by law. Such notice shall be published at least once a week for four successive weeks preceeding the day of sale, and a copy of such notice shall be posted at the front door of the court house

for a like period; but if there be no newspaper published in the county, or if there be none that will publish such notice at the rates prescribed by law, or if in the opinion of the trustee, the property be of less value than three hundred dollars, such a notice of sale shall be posted at least thirty days prior thereto on the front door of the court house of the county in which the property to be sold is, and at three other public places at least in the county, one of which shall be as near the premises to be sold (in case the sale be of real estate) as practicable; and in all cases, whether the notice be published or not, a copy of such notice shall be served on the grantor in the deed, or his agent or personal represenative, if he or they be within the county, at least twenty days prior to the sale."

The deed of trust, dated March 14, 1929, was made by Herbert Young and Laura Young, his wife, as grantors, to named trustees, and was duly recorded. Default having occurred in the payment of the debt, after publication of a notice of sale in a newspaper published in Kanawha County, once a week for four successive weeks and posting of the notice for a like period at the front door of the court house of that county, the real estate described in the instrument was sold at public auction on January 5, 1935, and a deed for the property was made to the purchaser by one of the trustees. The deed of trust contained a waiver, by the grantors who were in the county at the time of the sale, which, if valid, is conceded to be sufficient in its scope to apply to the requirement of the statute that a copy of the notice of sale be served upon them at least twenty days prior to the sale, which waiver is expressed in these terms:

"Any sale made under and by virtue of this deed of trust shall be for cash, and shall be on notice given by advertisement published once a week for four consecutive weeks beginning four weeks previous thereto in some newspaper published in Kanawha County, West Virginia, and no other notice shall be required, and the parties of the first part hereby waive, the right to any other notice, and also waive the right to notice of sale after sale is made."

The report of sale by the trustee shows a compliance

with the terms of the deed of trust and with the provisions of the statute except the foregoing requirement that a copy of the notice be served upon the grantors at least twenty days prior to the sale, which is not stated to have been observed by the trustee who evidently relied upon the waiver and did not cause a copy of the notice to be served upon the grantors in the deed of trust. His failure so to do is the sole ground on which the validity of the sale is attacked.

The grantors in the deed of trust have raised no objection to the sale or the deed made by the trustee to the purchaser, and none of these persons is a party to this suit.

The plaintiff insists that the waiver is valid and operates to eliminate that requirement of the statute. The defendant, though conceding the sufficiency of the terms of, and the willingness and the good faith of the grantors in consenting to, the waiver, asserts that, for reasons of public policy, it is of no legal force or effect, and that the provision of the statute, being mandatory, can not, as a matter of law, be waived or dispensed with by the grantors in the deed of trust.

The argument is advanced by the defendant that, for reasons of public policy, the waiver of the provision of the statute should not be permitted because of the inequality in the positions of the lender and the borrower, who, if allowed to waive the requirements of the service of the notice, would necessarily be placed in a position of hardship and disadvantage as compared to that of the lender. This argument proves too much. It would tend to defeat the rights of creditors in instances in which a large amount of security is demanded or unusually favorable terms in connection with a loan are insisted upon, which the borrower is reluctant to meet, but which, because of his then pressing financial needs, he is compelled, in order to obtain the loan, to furnish or concede. In dealings of that nature, however, when no fraud or illegal practice occurs, the binding effect of transactions and agreements, entered into between the parties, is

universally recognized and sustained. In recognizing such agreements, the law furnishes adequate safeguards to each party, by limiting the right of the creditor to the use or the disposition of the security to the extent necessary to enable him to be repaid the amount of the loan and in requiring him to return the excess, if any, to the debtor, and by imposing no obligation upon the debtor other than the duty, which he has voluntarily assumed, to pay his debt or lose his security.

To depart from this established course of dealing would impair the existing commercial system and limit the source of financial credit, for the lender is not required to grant the loan and he will, in no case, do so, unless he is afforded sufficient protection by law to enable him, despite the usual and inevitable element of risk, to recover the loan. It is true that the financial position of the lender is stronger than that of the borrower as to the particular transaction, but if that disparity were not generally present, the borrower would not need or seek the loan, and the lender would not be able or willing to make it. The existence of that difference in their positions does not, of itself, render the transaction contrary to public policy. Negotiations and agreements, fairly entered into between persons so situated, even though the financial position of the lender is obviously stronger than that of the borrower, do not offend any rule of sound public policy. On the contrary, public policy favors their recognition and their binding force and effect.

Despite its practical importance with respect to the requirements of the statute in connection with the sale of real estate under deeds of trust, the question of waiver here presented has not been raised or passed upon in any prior decision of this Court. Other aspects of the statute, however, have been here considered. In *Atkinson* v. *Washington and Jefferson College,* 54 W. Va. 32, 46 S. E. 253, it was held that the provision of the statute, now under consideration, did not entitle a purchaser of the property subject to a deed of trust, or a subsequent incumbrancer, to personal service of a copy of the notice

of sale under the original deed of trust. This Court has also held that it is not essential to the validity of such sale that the notice provided for in the statute be served on the assignee or the alienee of the grantor, *Shea* v. *Ballard,* 61 W. Va. 255, 56 S. E. 472, 123 Am. St. Rep. 981; and that personal service of the notice of sale on the grantor or his agent is not required unless he or his agent resides in the county in which the property is located. *Copelan* v. *Sohn,* 75 W. Va. 83, 82 S. E. 1016; *Walker* v. *Boggess,* 41 W. Va. 588, 23 S. E. 550.

These decisions limit the scope of that provision of the statute and make it clear that its application is restricted to the grantor, or his agent or his personal representative, who resides in the county in which the property is located. It is evident also that the provision of the statute confers a particular or special right or benefit upon such resident grantor. He is favored and preferred over any other person whose interests are affected by the deed of trust, including the grantor who is not within the county, notwithstanding that such grantor does not possess equal means or opportunity to be informed of the sale of the property under a deed of trust executed by him. The grantor in the county may easily and promptly learn of the sale from the notice published in the local newspaper once a week for four successive weeks and from the notice posted at the front door of the court house for a like period, both of which are required by other provisions of the statute, unless otherwise provided by the deed of trust, or, in the opinion of the trustee, the value of the property is less than three hundred dollars.

By virtue of these requirements, it is unlikely that the grantor who resides in the county, even though not served with a copy of the notice, is actually uninformed of the sale. The grantor who is absent from the county and who, under the statute, need not be served with a copy of the notice, does not have this locally available information. He may be in a distant section of this State or in remote part of this country or even in a

different country and, in reality, and most likely, not learn of the sale, either before it occurs, or for some time after it has actually been concluded. Because of his absence, which puts him at a disadvantage, as compared to the grantor, or his agent or his personal representative, who resides in the county, he can not, however, complain of the sale, if, without his actual knowledge, the notice is published and posted in the county as provided by the statute. The provisions of the statute, other than the requirement of the service of a copy of the notice on the grantor, or his agent or his personal representative, who resides in the county, extend their protection to all grantors alike, and the absence of such service on him does not deprive or take from him any of the general benefits which the statute preserves and confers upon him equally with all other grantors in a deed of trust. Thus it is manifest that the provision of the statute which requires service of a copy of the notice of sale upon the grantor, or his agent or his personal representative, who resides in the county where the property is located, does not operate generally in favor of all grantors in a deed of trust, but only in favor, and for the particular benefit, of a grantor who resides in that county. Clearly that requirement of the statute was so limited because of the difficulty or the impracticability of service of a copy of the notice upon an absent grantor; but that fact does not change the character of the particular right which, by that provision of the statute, is afforded only to the grantor, or his agent or his personal representative, who resides in the county where the property is located.

The effect of the foregoing provision of the statute, being to confer a special and peculiar right or benefit upon a grantor who himself or his agent or his personal representative resides in the county where the property subject to a deed of trust is located, and not to extend such right or benefit to a grantor or his agent or his personal representative who is absent from such county, the decisive question is whether such right or benefit may be waived by a grantor in whose favor it exists. The

defendant insists that it may not be waived, because to permit the waiver is contrary to public policy. With that contention the learned circuit court agreed, and on that ground it overruled the demurrer of the plaintiff to the answer of the defendant.

The authorities cited and relied on by the defendant, and which were considered by the circuit court as decisive, deal principally with the necessity of complying with the terms of the power of sale set forth in the deed of trust or the mortgage and of satisfying the requirements of the statutes, in various jurisdictions, governing sales of real estate subject to such instruments, and they do not, except in some instances, touch upon the question of the right of a grantor to waive such requirements. In the main they declare and sustain the general propositions that a sale of land made in the exercise of a power to sell, contained in a mortgage or a deed of trust, must be strictly in accordance with the power conferred and the conditions imposed on its exercise, 37 Am. Jur., Mortgages, Section 663; that the parties to a mortgage or a deed of trust may, in such instrument or by a separate writing, agree to the mode in which the property may be sold upon default, 37 Am. Jur., Mortgages, Section 692, in the absence of applicable statutory provisions, or when permitted so to do by an existing statute; that a statute regulating the subject will be considered as having been incorporated in the mortgage or the deed of trust; and that when such statute does not authorize the incorporation of provisions in the instrument other than those which it imposes, the terms and the requirements of the statute will prevail over the terms of the mortgage or the deed of trust. See *Lawrence* v. *The Farmers' Loan and Trust Company,* 13 N. Y. 200; *Cornell* v. *Newkirk,* 144 Ill. 241, 33 N .E. 37; *Kerr* v. *Galloway,* 94 Tex. 641, 64 S. W. 858; *Pierce* v. *Grimley,* 77 Mich. 273, 43 N. W. 932; *Webb* v. *Haeffer,* 53 Md. 187; *Jensen* v. *Andrews,* 39 S. D. 104, 163 N. W. 571; *Oades* v. *Standard Savings & Loan Ass'n.,* 257 Mich. 469, 241 N. W. 262; *Fauntleroy* v. *Mardis,* 123

Miss. 353, 85 So. 96; *Shillaber* v. *Robinson*, 97 U. S. 68, 24 L. ed. 967; 3 Jones on Mortgages (8th ed.), Sections 2361 and 2367. Of course the terms of the contract, as set forth in the instrument or other agreement, when not regulated by statute, or the requirements of a statute dealing with and regulating the mode of sale, which statute does not permit the parties to adopt a different method, control and must be followed in the event of sale.

These well established principles, announced in and upheld by the authorities cited, however, do not forbid or invalidate the waiver, fairly and freely made by a grantor in a mortgage or a deed of trust, who resides in the county where the property is located, of a particular right or benefit conferred upon him by contract or by statute, when such waiver does not impose any undue disadvantage upon him, or subject him to loss or injury, or deprive him of the protection provided by the general requirements of the statute alike for him and other grantors, who, because of absence from such county, do not enjoy the same particular right or benefit which he has been given but which he has willingly waived. Perhaps the most apparent practical effect of the service of a copy of the notice of sale upon a grantor or his agent or his personal representative in the county where the property is located at least twenty days prior to the sale, which notice by the other generally applicable requirements of the statute must be published and posted in the county for a longer period before such sale, unless the instrument otherwise provides, is to remind him, by final act or communication, of his default and to impress upon him the imminence of his consequent loss of the security which he has risked for the payment of his debt. Failure so to do does not subject him to any loss or increase in any degree the weakness of his position as a debtor in default. Without the service of the notice he may be presumed to be fully conscious and aware, perhaps painfully, of his failure to pay and of the impending sale of his property. Service of the notice communicates to him nothing that, as a participant in the transaction

and as to whom the notice already has been published and posted, he does not already know; and, of itself, it does not afford him any means of relief. If able to do so, he can overcome the effect of his default with or without the service of a copy of the notice; if unable to do so, the service of the notice neither helps nor hurts him. In either event his situation, for better or for worse, is unchanged.

It is urged that the sale may be a wrongful sale or based upon a claimed default which may not in fact exist. If either of these contingencies should occur, however, the grantor, whether served or not served with notice, is not without an adequate remedy to prevent or to set aside an invalid sale. If the notice is published and posted, as required by the statute, or as provided by the instrument, it is of course possible, though unlikely, that the grantor who resides in the county will not know of the sale; but whatever may be the actual situation in any particular set of circumstances, it is difficult to suppose a condition curable by the service of the notice which would become incurable without it, or which should by law deprive a grantor of the power to waive the requirement that the notice be served.

Public policy is difficult, perhaps impossible, to define. It exists and functions generally within a State for the protection and the regulation of matters of public morals, public health, public safety, public welfare, and similar and related subjects, and to condemn that which conflicts with the morals of the time and contravenes any established interest of society. It operates as a ban against gambling or wagering contracts, contracts involving wrongful acts or omissions, contracts which tend to injure the public service, contracts injuriously affecting the administration of justice, contracts in restraint of trade, and numerous other intolerable practices and undertakings of like nature. It tends to produce, and is reflected in, constitutional provisions, enactments of statutes, and judicial pronouncements which render illegal or unenforceable acts and conduct inimical to the

welfare of the public. As so understood, it is not concerned with the particular statutory provision now under consideration. It would exist and operate effectively if that provision were eliminated from the statute. The statutory requirement that a copy of a notice of sale of property subject to a deed of trust be served upon a grantor or his agent, or his personal representative, in the county where the property is located, affects only those who occupy that status. It does not effect a grantor or his agent or his personal representative who is not within that county, or any other person who may be a party to a deed of trust, or his assignee or his alienee. *Copelan* v. *Sohn,* 75 W. Va. 83, 82 S. E. 1016; *Walker* v. *Boggess,* 41 W. Va. 588, 23 S. E. 550; *Shea* v. *Ballard,* 61 W. Va. 255, 56 S. E. 472, 123 Am. St. Rep. 981.

The generally accepted definition of a waiver is the intentional relinquishment of a known right. A waiver is a voluntary act, and implies an election by the party to give up something of value, or to forego some advantage which he might, at his option, have insisted on and demanded. 27 R. C. L. 904. "The doctrine of waiver, from its nature, is applicable, generally speaking, to all rights or privileges to which a person is legally entitled, whether secured by contract, conferred by statute, or guaranteed by the Constitution, provided such rights and privileges rest in the individual, and are intended for his sole benefit. A right or privilege given by statute may be waived or surrendered, in whole or in part, by the party to whom or for whose benefit it is given, if he does not thereby destroy the rights and benefits conferred upon or flowing to another in or from said statute or other legal or equitable source. * * * A waiver is not, however, allowed to be operative where it would infringe upon the rights of others, or would be against public policy or morals." 27 R. C. L. 906, 907. "Where considerations of public policy are not involved, any person capable of binding himself may waive matters affecting his property or alienable rights, including contractual, statutory, or constitutional privileges." 67 C. J. 307.

"Everyone has a right to waive, and agree to waive, the advantage of a law or rule made solely for the benefit and protection of the individual, in his private capacity, and which may be dispensed with without infringing on any public right." Crawford, Statutory Construction, Section 272. Constitutional provisions intended to protect property may be waived, and even some of the constitutional rights created to secure personal liberty are subjects of waiver. 6 R. C. L. 93.

In discussing the subject of personal notice of sale in connection with mortgages and deeds of trust, the learned writer of Thompson on Real Property states that the notice, when provided for, may be waived, Permanent Edition, Vol. 10, Section 5223. In 3 Jones on Mortgages, 8th ed., Section 2364, the author says: "A mortgagor can not waive notice for others. * * * But he may waive it for himself. Where the instrument expressly waives notice, it may be dispensed with all together." Both these textwriters cite, as an authority for the statement, the case of Dickerson v. McNulty, 142 Va. 559, 129 S. E. 242. Though that case did not involve the force or the application of any statutory provision dealing with a notice of sale, the deed of trust there under consideration provided "that in case of sale, the same shall be made after first advertising the time, place and terms for ten days in some newspaper published in the city of Roanoke, Virginia." It was held that the sale, under the power set forth in the deed of trust, made without complying with the requirement that it be advertised for ten days, was invalid; but in the opinion the Court says: "The parties interested had the right to waive the ten days' notice required by the deed and permit a sale on shorter notice, but they never did so." This statement indicates plainly that the Court would not have considered a waiver of the requirement of notice violative of public policy because of the relationship of creditor and debtor between the parties, or because of the strength of the one as compared to the weakness of the other.

In the later case of *Wertz* v. *Clay,* 157 V.a. 263, 160 S. E. 27, the plaintiff, a grantor in a deed of trust, sought to set aside a sale of the property made by the trustee upon the ground, among others, that the advertisement of the sale required by the deed of trust to be published in a newspaper for at least thirty days prior to the sale, was defective. In order to obtain a postponement of the sale, the grantor, the plaintiff in the case, agreed with the trustee to waive all defects in the procedure, including the advertisement. This waiver was held to be valid and binding upon the grantor and the sale was upheld.

Waivers of statutory rights and privileges created for the benefit of an individual and which are personal to him are generally held to be valid. A right of this character is the privilege of a debtor to plead the statute of limitations. 34 Am. Jur., Limitation of Actions, Sections 405 and 406; *Smith* v. *Brown,* 44 W. Va. 342, 30 S. E. 160. See also *Clayton* v. *Henley,* 32 Gratt. 65, 72, in which it is stated that "the plea of the statute of limitations is, in general, a personal defense, to be made by the party against whom the demand is asserted, or to be waived by him if he desire so to do." Another such right is that created by the statutory provision that when a negotiable instrument has been dishonored by nonacceptance or nonpayment, notice of dishonor must be given to the drawer and to each indorser to preserve their liability. 46-7-1, Code, 1931. Though the waiver of this right is expressly authorized by another provision of the statute, 46-7-21, Code, 1931, which authority clearly shows that such waiver does not offend any requirement of public policy, this Court has held that a waiver of notice of protest of a negotiable note, made prior to the enactment of the above mentioned statute, was valid and dispensed with the requirement of protest. *Bank* v. *Lowther-Kaufman Oil & Coal Co.,* 66 W. Va. 505, 66 S. E. 713. In that case it was contended that, under a statute, Section 11, Chapter 99, Code, 1899, which provided that an action of debt or assumpsit may be maintained and a joint judgment rendered against the maker and the indorser of negotiable paper if such

paper be protested, such action could not be maintained, despite a waiver by the indorser, unless the paper had been protested. In rejecting that view this Court said: "Protest and notice of dishonor is intended for the protection of the indorser, and is a right which he can waive. By waiver he makes his liability just as absolute as if the paper indorsed by him had been formally protested, and his relation to the holder and all other indorsers becomes the same in every respect as in the case of protest."

Still another right or privilege which exists for the benefit of a person and is personal to him is the right of a pledgor to prior notice of the sale by the pledgee of collateral security which has been pledged to secure the payment of indebtness represented by the obligation of the pledgor. At common law a pledgee of collateral security to secure a note has no right, in the absence of an express agreement, to sell the security without notice to the pledgor, but this requirement may be waived by the party for whose benefit it operates without offending any principle of public policy. *Highland* v. *Davis,* 119 W. Va. 501, 195 S. E. 604. In that case it was held that, under the terms of an agreement of pledge which waived notice of any kind and authorized the pledgee to purchase the security, a sale of collateral security was valid when made by the pledgee, without notice to the pledgor, and at which sale the security was purchased by the pledgee, without any indication of bad faith upon his part. The note which contained the agreement by which the security was pledged, and in which agreement notice was waived by the pledgor, was made in 1933, after the enactment of Section 14, Article 3, Chapter 38, Code, 1931. That statute deals with the enforcement of a lien or a pledge and the sale of property, and permits any person holding personal property in his possession under a lien or pledge to satisfy the lien in any manner agreed upon between the owner and the lienor, and, in the absence of such agreement, specifies the manner in which the lien shall be satisfied. The decision in the *Highland*

case, however, was not based upon the statute and in the opinion it was not referred to or discussed.

It is well settled in this State that a pledgor of personal property hypothecated to secure a debt, may waive demand for payment of the obligation and notice of sale of the collateral security. *Berry, Receiver* v. *Neuhardt,* 117 W. Va. 67, 183 S. E. 858. Notwithstanding the recognized legal differences between real estate and personal property, there does not appear to be any valid reason in principle to distinguish between waiver by a pledgor of notice of sale of personal property worth many thousands of dollars, pledged as security for the payment of a debt, and waiver of service of a notice of sale by a grantor who resides in the county in which real estate owned by him is located worth an equal or a less amount of money, who executes a deed of trust upon the property to secure the payment of his debt. If a waiver of the notice of sale be valid and not contrary to public policy, in the one case, as the decisions of this Court hold it to be, a waiver of service of the notice in the other should be accorded equal validity and effectiveness.

Other instances of valid waivers, which have been considered not to be in conflict with any requirement of public policy might be mentioned, but further discussion of that subject is not deemed necessary.

The waiver, by the grantors, contained in the deed of trust, of the provision of the statute that a copy of the notice of sale be served on the grantor in the deed, or his agent or his personal representative, if he or they be within the county, is a valid and binding waiver and it operates to satisfy or dispense with that requirement of the statute. The sale of the property, under the deed of trust, as made and reported by the trustee, and his deed to the purchaser, were likewise valid and resulted in the conveyance by him to the purchaser of good title to the property.

The question certified is answered in the affirmative; and the ruling of the circuit court in overruling the demurrer of the plaintiff to the answer of the defendant is reversed.

*Ruling reversed.*